960 F.2d 152
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Joseph C. ABELA, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH & HUMAN SERVICES, Defendant-Appellee.
 No. 91-55243.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 7, 1992.
Decided Feb. 21, 1992.
 
 Before TANG, KOZINSKI and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Joseph Abela's application for Social Security Disability Insurance Benefits was denied. This denial was affirmed by an ALJ and the Appeals Counsel; summary judgment was granted for HHS in district court. Abela claims (1) the ALJ and the district court used the wrong legal standard in rejecting Abela's complaints of pain, (2) the ALJ failed to consider Abela's medical depression, and (3) the ALJ failed to consider a disability opinion by Abela's treating physician. Although the district court used, through no fault of its own, the wrong legal standard, the ALJ adequately justified discrediting Abela's testimony of pain. The other two claims have no merit, and we affirm.
 
 
 3
 At the time of the district court decision, the Ninth Circuit was split between two legal standards concerning evidence required to support the degree of pain alleged in a case such as Abela's. However, since then, the law in this area has been clarified. The district court in the instant case rejected the analysis in Cotton v. Bowen, 799 F.2d 1403, 1407 (9th Cir.1986), in favor of the analysis in the concurrence in Bates v. Sullivan, 894 F.2d 1059, 1071-72 (9th Cir.1990), and Rice v. Sullivan, 912 F.2d 1076, 1083 (9th Cir.1990).
 
 
 4
 The Ninth Circuit, en banc, vacated Rice and overruled the concurrence in Bates:
 
 
 5
 We conclude the standard enunciated in Cotton v. Bowen, 799 F.2d 1403, 1407 (9th Cir.1986), is a proper interpretation of the relevant law, and thus we overrule the concurring opinion in Bates v. Sullivan, 894 F.2d 1059 (9th Cir.1990), which held to the contrary.
 
 
 6
 Bunnell v. Sullivan, 947 F.2d 341, 342 (9th Cir.1991) (en banc).
 
 
 7
 In Bunnell, the ALJ found "Bunnell's claim of disabling pain to be not credible because it was not supported by the medical evidence of record." Bunnell, 947 F.2d at 343 (quotation omitted). The en banc court in Bunnell upheld the Cotton standard, which
 
 
 8
 requires the claimant to produce medical evidence of an underlying impairment which is reasonably likely to be the cause of the alleged pain. When this evidence is produced the Cotton standard does not require medical findings that support the severity of pain and, thus, the adjudicator may not discredit the claimant's allegations of the severity of pain solely on the ground that the allegations are unsupported by objective medical evidence.
 
 
 9
 Bunnell, 947 F.2d at 343 (citation omitted).
 
 
 10
 The district court in the instant case explicitly followed the Bates-Rice precedent and held that "[t]he issue before the ALJ was whether Plaintiff actually had disabling pain and whether objective medical evidence demonstrated a medical condition severe enough to cause the pain."
 
 
 11
 However, we review the ALJ's decision and not the district court's. Sprague v. Bowen, 812 F.2d 1226, 1229 (9th Cir.1987). The specific finding Abela complains of is the ALJ's finding number four:
 
 
 12
 Claimant has alleged pain that prevents him from working. The credible medical evidence does not show an underlying medical condition so severe as to be productive of symptoms which would preclude sedentary work activity and claimant's testimony is found not credible in supporting work activity limitations to the extent contended.
 
 
 13
 Although the first part of this holding appears to violate the Cotton standard by finding that credible medical evidence does not adequately explain the severity of Abela's symptoms, on closer examination, it is apparent that the ALJ satisfied the standard required by Cotton. Therefore, we conclude that, although the district court used the wrong legal standard, the ALJ's analysis was flawless.
 
 The Court in Bunnell held that
 
 14
 [s]o long as the adjudicator makes specific findings that are supported by the record, the adjudicator may discredit the claimant's allegations based on inconsistences in the testimony or on relevant character evidence. But the adjudicator may not discredit a claimant's testimony of pain and deny disability benefits solely because the degree of pain alleged by the claimant is not supported by objective medical evidence.
 
 
 15
 Bunnell, 947 F.2d at 346-47. The Texas ALJ weighed the required factors for the determination of whether someone qualifies as disabled under the Social Security rules when he denied Abela's benefits:
 
 
 16
 In making the determination that claimant is capable of engaging in sedentary work activity, his subjective complaints of pain have been given full consideration. The medical impairments are not shown from the medical evidence as a whole to be causing such a severe degree of pain as contended and claimant's complaints are not credible to the extent of establishing a complete inability to perform any substantial gainful activity. The undersigned has given full consideration of all evidence submitted relating to claimant's subjective complaints including daily activities, prior work record, precipitating and aggravating factors, effectiveness of medication and therapy, functional restriction, and the duration, frequency and intensity of the allegations.
 
 
 17
 The ALJ appeared to be going through the factors required by Social Security Ruling 88-13:
 
 
 18
 1. The nature, location, onset, duration, frequency, radiation, and intensity of any pain;
 
 
 19
 2. Precipitating and aggravating factors (e.g., movement, activity, environmental conditions);
 
 
 20
 3. Type, dosage, effectiveness, and adverse side-effects of any pain medication;
 
 
 21
 4. Treatment, other than medication, for relief of pain;
 
 5. Functional restrictions; and
 
 22
 6. The claimant's daily activities.
 
 
 23
 Soc.Sec.Reg. 88-13 (C.E.1988); see also Bunnell, 947 F.2d at 346.
 
 
 24
 Moreover, the ALJ satisfied Bunnell 's requirement of "specifically mak[ing] findings which support [the ALJ's] conclusion." Bunnell, 947 F.2d at 345. The ALJ noted that Abela "contends that his back pain prevents him from working," but "[t]his assessment is inconsistent with the medical record which establishes a residual functional capacity for sedentary work activity." Then, the ALJ carefully outlined his reasons for not crediting Abela's testimony:
 
 
 25
 Tests run in 1986 and 1987 fail to demonstrate a reason for claimant's symptoms. In November, 1987, the treating physician stated that "the most recent CT scan has fairly normal findings with just some residual epidural scarring and facet hypertrophy. I really do not thing that there is any gross abnormality to explain his continued symptoms on the CT scan." In October, 1987, claimant's standing leg raising test was negative, but he exhibited a slight facet arthrosis at L5-S1 (Exhibit 15). The CT scan, MRI and myelograms in January, 1988 "did not show much." ...
 
 
 26
 Claimant was assessed as having chronic pain syndrome in February, 1988. He did not have radiculopathy in May, 1988 and his reflexes were equal and his calf girths were equal. He was also taking less medication (Exhibit 16). In summary, claimant's testimony is not credible as compared with the medical history as related by his treating physicians. The medical record demonstrates that he can lift up to 10 pounds, walk and stand. The medical record is therefore consistent with a residual functional capacity for sedentary work activity.
 
 
 27
 Therefore, even if the first part of the ALJ's holding number four seemed to violate Bunnell, his reasoning and conclusion would make that error harmless. Bunnell only requires that the ALJ not discredit Abela's subjective pain "solely because the degree of pain alleged by the claimants is not supported by objective medical evidence." Bunnell, 947 F.2d at 347. The ALJ did not discredit Abela solely because the degree of his pain was not supported by objective medical evidence, but carefully evaluated Abela's credibility in light of all the required factors of SSR 88-13. There was sufficient evidence for the ALJ's finding.
 
 
 28
 Abela also complains that the ALJ dismissed any history of medical depression as having only a slight limitation on his ability to perform basic work activities. Although psychosomatic illnesses may be disabling, the ALJ's finding was consistent with the record in this case. In fact, the ALJ did consider the medical depression, but discounted it:
 
 
 29
 In addition to claimant's exertional impairments, the record reflects that claimant has experienced some anxiety and depression. Claimant saw a psychiatrist on May 5, 1988, who stated that claimant was "rather histrionic in his presentation; scores high on histrionic scale." He stated that claimant did not have a psychosis, but a possible benzodiazepine dependence. Claimant has denied that he has a mental impairment, but the record establishes that he has been depressed because of his lack of employment. Therefore, the record does not demonstrate that Claimant has a mental impairment having more than a slight limitation on his ability to perform basic work activities. Since the mental impairment does not restrict claimant's vocational spectrum, he is found "not disabled" as defined by the Social Security Act.
 
 
 30
 As Abela admits, a social security reviewer found his personality disorder only mildly limiting. Abela cites to Bailey v. Sullivan, 885 F.2d 52, 59 (3rd Cir.1989), where the Secretary refused to consider the combined effect of nonsevere impairments, and the Third Circuit found that refusal violated the Social Security Act. However, Bailey is inapposite because it involved the combination of "unrelated impairments." Id. Whatever psychological impairments Abela may have, his argument is that the back pain may be psychological as well as physiological--not that the psychological impairment is a separate, unrelated impairment.
 
 
 31
 Finally, Abela complains the ALJ failed to consider a statement from Abela's treating physician, Dr. Danielson, that he thought Abela was disabled. The district court dismissed it as unsubstantiated. Abela cites to Rodriguez v. Bowen, 876 F.2d 759, 761 (9th Cir.1989), to support the proposition that "the medical opinion of a claimant's treating physician is entitled to special weight. The treating physician's opinion is given deference because he is employed to cure and has a greater opportunity to know and observe the patient as an individual." Id. (quotations omitted). Therefore, if the ALJ disregards this opinion, it may only do so "by setting forth 'specific, legitimate reasons for doing so, and this decision must itself be based on substantial evidence.' " Id. at 762 (quoting Cotton, 799 F.2d at 1408).
 
 
 32
 The district court found it was not legal error for the ALJ to disregard the treating physician's opinion because in Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir.1989), the Ninth Circuit held: "The ALJ may disregard the treating physician's opinion whether or not that opinion is contradicted. For example, the ALJ need not accept a treating physician's opinion which is brief and conclusory in form with little in the way of clinical findings to support [its] conclusion." Id. (quotation omitted). Although there may be error if the ALJ fails to present clear and convincing reasons for disregarding the treating physician's opinion, id., we cannot reverse the ALJ if that error was harmless. Vincent v. Heckler, 739 F.2d 1393, 1394-95 (9th Cir.1984). In the instant case, the ALJ did consider the opinions of Dr. Danielson, but did not mention the document that purportedly expressed an opinion by Dr. Danielson that Abela was disabled.
 
 
 33
 There was, however, substantial evidence to justify ignoring the document containing the alleged disability opinion. The document consisted of filled-in spaces in a form. The form merely had a typed-in date "1-4-88" and "undetermined" after the line on the form that read: "The patient has been continuously disabled (unable to work) from: ________ to ________." The form was signed with a rubber stamp of Dr. Danielson's signature, making it unclear if Dr. Danielson himself filled out the form. A fill-in-the-blank form is not very reliable as a diagnosis from a physician. Murry v. Heckler, 722 F.2d 499, 501 (9th Cir.1983). Moreover, examining the record as a whole, it is clear Dr. Danielson's opinion in the other parts of the record was in conflict with the typed-in date on that one form. There were many medical reports from Dr. Danielson, other than this form, where there was no indication Dr. Danielson thought Abela was totally disabled. As HHS points out, on February 1, 1987, Dr. Danielson released Abela for light work, and on September 9, 1987, noted his condition was unchanged. On November 18, 1987, Dr. Danielson could not explain any of Abela's complaints, and he reported nothing new on December 7, 1989. Therefore, even if failure of the ALJ to explicitly address the existence of this form was error, this error was harmless.
 
 
 34
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3