67 F.3d 306
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Norma L. DOMINGUEZ, Plaintiff-Appellant,
v.
Shirley S. CHATER,* Commissioner of Social
Security, Defendant-Appellee.
 No. 94-35469.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Sept. 11, 1995.
Decided Sept. 21, 1995.
 
 Before: SCHROEDER, REINHARDT and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 This is an appeal from a district court judgment affirming the administrative denial of disability insurance benefits under Title II of the Social Security Act. Appellant Norma Dominguez's claim hinges on when she was first disabled, as her insured status expired on September 30, 1986.
 
 
 3
 The principal medical evidence supporting a disability finding as of 1986 came from two treating physicians, Dr. Josephine von Hippel, a psychiatrist, and Dr. David Floyd, M.D. Dr. Floyd originally diagnosed Dominguez's carpal tunnel syndrome in 1984 and continued to see Dominguez regularly through 1987. After 1987, Dr. Floyd saw Dominguez less frequently. Both Dr. Floyd and Dr. von Hippel wrote letters opining that Dominguez was totally disabled during 1986; both explained the reasons for their views.
 
 
 4
 The opinions of treating physicians are entitled to special weight. See Embrey v. Bowen, 849 F.2d 418, 421-22 (9th Cir.1988). When the ALJ rejects the opinions of treating physicians the ALJ must "set forth specific, legitimate reasons for doing so, and the decision must itself be based on substantial evidence." Cotton v. Bowen, 799 F.2d 1403, 1408 (9th Cir.1986). The ALJ must provide clear and convincing reasons for rejecting any uncontroverted medical opinions. Id. at 1408.
 
 
 5
 The ALJ explicitly rejected Dr. von Hippel's opinion (expressed in a letter dated November 20, 1992) that mental impairments rendered Dominguez disabled in 1986. The ALJ said he rejected Dr. von Hippel's 1992 opinion because it contradicted Dr. von Hippel's initial 1986 opinion that Dominguez's mental condition would improve if Dominguez were working. In essence, the ALJ found that Dr. von Hippel's original, contemporaneous opinion was the opinion worthy of being credited. Dr. von Hippel did attempt to reconcile her two (apparently incongruous) opinions; however, we find Dr. von Hippel's attempt to recast her original plain statement unpersuasive. Had Dr. von Hippel discredited her original opinion by stating that, in hindsight, it was erroneous, the ALJ's rejection might have been more problematic. But, given the existing tension between Dr. von Hippel's two views, we cannot say that the ALJ's decision is unsupported by substantial evidence.
 
 
 6
 With respect to Dr. Floyd, the record is materially different. Dr. Floyd's letter in 1992 explained that he had treated Ms. Dominguez principally for her physical problems but was familiar with her entire medical history. He reviewed the medical records as a whole and concluded that "she was unemployable as of January 1986, the time when she quit work in the family-owned business and began experiencing increasing physical pain and psychiatric problems." Unlike Dr. von Hippel, who only looked at mental limitations, Dr. Floyd said that the combination of mental and physical impairments in 1986 rendered Dominguez totally disabled. Dr. Floyd's view of combined impairments is not contradicted. Moreover, to the extent Dr. Floyd (like Dr. von Hippel) reformed his earlier opinion, Dr. Floyd admitted that his first diagnosis was wrong in light of subsequent events.
 
 
 7
 The ALJ, however, rejected Dr. Floyd's opinion without explaining why it should be discredited. Dr. Floyd's opinion therefore must be credited as a matter of law. Hammock v. Bowen, 879 F.2d 498, 502 (9th Cir.1989). Because the ALJ failed to provide any explanation for rejecting the uncontroverted opinion of Dr. Floyd, let alone clear and convincing reasons, the judgment of the district court must be reversed, with instructions to remand the case for a finding of disability and the award of benefits. Rodriguez v. Bowen, 876 F.2d 759, 763 (9th Cir.1989).
 
 
 8
 REVERSED AND REMANDED.
 
 
 
 *
 Pursuant to P.L. No. 103-296, the Social Security Independence and Program Improvements Act of 1994, the function of the Secretary of Health and Human Services in Social Security cases was transferred to the Commissioner of Social Security effective March 31, 1995. In accordance with section 106(d) of P.L. 103-296, Shirley S. Chater, Commissioner of Social Security, should be substituted for Donna E. Shalala, Secretary of Health and Human Services, as the defendant in this action
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3