70 F.3d 119
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ronna D. FITE, Plaintiff-Appellant,
v.
Shirley S. CHATER, Commissioner of the Social Security
Administration,* Defendant-Appellee.
 No. 94-35389.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Sept. 15, 1995.
Decided Oct. 2, 1995.
 
 Before: SCHROEDER, REINHARDT, FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ronna Fite challenges the denial of her application for disability benefits under Title II and Title XVI of the Social Security Act. Fite claims she is unable to work because of a combination of mental and physical impairments, especially severe back problems. The administrative record contains extensive objective evidence of Fite's degenerative back disease. In addition, Fite's treating physician concluded that Fite could neither stand for more than one hour nor sit for more than 1 to 2 hours during an eight-hour period because of her back troubles. Despite the extensive medical evidence supporting Fite's claim and despite the uncontroverted opinion of her treating physician, the district judge affirmed the Commissioner's order denying Fite's application. We reverse and remand for payment of benefits.
 
 
 3
 The Commissioner erred in rejecting the professional opinion of Fite's treating physician without providing specific, legitimate reasons for doing so. When the opinion of Fite's treating physician is given proper weight, it is clear that Fite is totally disabled.
 
 
 4
 This court requires that the opinion of claimant's treating physician be accorded "special weight." Burkhardt v. Bowen, 856 F.2d 1335, 1339 (9th Cir.1988). The treating physician's opinion is given deference because he "is employed to cure and has a greater opportunity to observe and know the patient as individual." Sprague v. Bowen, 812 F.2d 1226, 1230 (9th Cir.1987) (citations omitted). We permit the rejection of a treating physician's opinion only when the Commissioner provides "specific and legitimate reasons" supported by substantial evidence in the record for doing so. Winans v. Bowen, 853 F.2d 643, 647 (9th Cir.1987); Murray v. Heckler, 722 F.2d 499, 502 (9th Cir.1983). The Commissioner's reasons for rejecting the treating physician's opinion must be "clear and convincing." Rodriguez v. Bowen 876 F.2d 759, 762 (9th Cir.1989).
 
 
 5
 In this case, the Commissioner's reasons for rejecting the opinion of Dr. Johnson, Fite's treating physician, are neither legitimate nor supported by substantial evidence. In explaining his decision not to credit Dr. Johnson's conclusion about how many hours Fite could sit or stand (as opposed to lying down) during an eight-hour work day, the Administrative Law Judge (ALJ) said:
 
 
 6
 While the claimant's treating physician recites a restriction of sitting 1-2 hours in an 8-hour day, the claimant testified that her physician completed his assessment with her assistance (Exhibit 39). Thus the undersigned is unable to accord significant weight to such assessment, which appears to reflect as much the claimant's own stated limitations, the physician's own assessment without subjective considerations.
 
 
 7
 While the ALJ's opinion is somewhat ambiguous, the Commissioner urges on appeal that the ALJ rejected Dr. Johnson's opinion because Dr. Johnson based his assessment on Fite's responses to his questions about mobility and limitations, "not on any tests or findings that he independently made."
 
 
 8
 The record, however, does not support the ALJ's conclusion that Dr. Johnson merely parroted Fite's assessment of her own physical capabilities. Fite did testify that Dr. Johnson asked her the questions on the medical assessment form, but that proves, little, if anything.[1] It certainly does not justify the ALJ's decision to ignore Dr. Johnson's assessment of how long Fite could sit or stand. The transcript of the hearing shows that the ALJ asked Fite if her physician had asked her certain questions, and then proceeded to ask her those same questions himself. The ALJ, however, never asked Fite what she had told her doctor when he asked her those questions. Thus, there is no factual basis for the ALJ's conclusion that Dr. Johnson simply recorded Fite's answers on the assessment form. Second, even assuming that Fite understood the ALJ to be asking what she had told Dr. Johnson, not all the answers Fite gave the ALJ match what Dr. Johnson wrote on the assessment form. Fite, for instance, told the ALJ that she could stand for 30 to 60 minutes, while Dr. Johnson wrote that she could stand for 60 minutes. Thus, the exchange between Fite and the ALJ does not show that Dr. Johnson merely recorded Fite's answers to his questions on the assessment form. Third, not only is there no evidence that Dr. Johnson simply parroted responses made by Fite at the time he filled out the form, there is ample evidence in the record warranting the opposite conclusion. The record shows that Dr. Johnson saw Fite several times, that he treated her from March 1992 to September 1992, and that he also reviewed medical records from other physicians who had treated Fite. Surely, Dr. Johnson had the opportunity to discuss her physical limitations with her on a number of occasions. Fourth, since the ALJ specifically found that Fite's testimony was "fairly credible," Dr. Johnson's testimony should not be disregarded even if Dr. Johnson choose to rely in part on Fite's self-observations. This is especially true in light of the deference we have held that ALJ's must give to treating physicians' subjective opinions. Embrey v. Bowen, 849 F.2d 418, 421-22 (9th Cir.1988).
 
 
 9
 The ALJ also provided a second reason for discounting Dr. Johnson's conclusion about the severity of Fite's disabilities. Immediately after stating that Dr. Johnson had merely recorded Fite's own opinion of her disability on the assessment form, the ALJ added: "It is further noted that the claimant has performed maid work in the past despite her complaints of pain." Fite's prior work record provides no support whatsoever for the discounting of the opinion of her treating physician.
 
 
 10
 The record with respect to Fite's past work is clear. It is correct that Fite worked in pain prior to her onset date and that she did not work afterwards. It is also correct that she suffers from degenerative back disease. If the ALJ's point is that Fite worked in the past before the onset of her disability, his observation is wholly irrelevant and deserves no legal weight. If the ALJ's point is that Fite worked after she was disabled, he is just plain wrong.[2]
 
 
 11
 There is, in fact, no evidence in the record supporting the ALJ's decision to discount Dr. Johnson's testimony.[3] There is, however, ample evidence to support both Dr. Johnson's conclusion that Fite suffers from degenerative lumbar disc disease and his conclusion that she could only sit or stand for very limited periods. Doctors Sharp, Harris, and Golden all found that Fite suffered from serious back problems. An MRI and a mylelogram revealed bulging disc, spurs, and partial abrogation of nerve root. Moreover, uncontroverted testimony from Fite herself and her mother corroborated Dr. Johnson's testimony. Both mother and daughter, for instance, testified that they had to pull over in a rest stop while driving to the hearing before the ALJ because Fite could not sit in the car for too long without considerable pain.
 
 
 12
 Giving Dr. Johnson's testimony the weight it deserves, it is clear that Fite cannot work because she: 1) cannot sit for more than 1 or two hours in an 8-hour day, and then only for 15 minutes at a stretch; and 2) cannot stand or walk for more than an hour in an 8-hour day, or for more than 10-15 minutes at a time. In posing his hypothetical to the vocational expert, the ALJ did not include those severe physical limitations. Both jobs that the vocational expert said could be done by Fite would require her to sit or stand for long times at a stretch, and thus are not jobs she can physically handle. Had the proper hypothetical question been posed, there is no doubt that the answer would have been that there are no jobs in the economy that Fite can perform. As the Commissioner's own guidelines state, workers holding unskilled jobs (such as money counter or small parts assembler) "cannot ordinarily sit or stand at will." SSR 83-12 at 3.[4]
 
 
 13
 Where no useful purpose would be served by remanding for further proceedings, benefits should be awarded. See Pitzer v. Sullivan, 908 F.2d 502, 506 (9th Cir.1990) (remanding for payment of benefits where Commissioner did not provide adequate reasons for disregarding physician's opinion); Varney v. Commissioner, 859 F.2d 1396, 1401 (9th Cir.1988) (remanding for payment of benefits where Commissioner failed to provide adequate reasons for discrediting claimant's testimony). The Commissioner erred in failing to provide specific and legitimate reasons supported by substantial evidence for rejecting Dr. Johnson's opinion. It is clear that if Dr. Johnson's opinion is given the proper legal weight, Fite must be deemed unable to perform any gainful employment. We therefore reverse and remand to the Commissioner with instructions that Fite be found disabled and awarded benefits.
 
 
 14
 REVERSED and REMANDED for payment of benefits.
 
 
 
 *
 Pursuant to P.L. No. 103-296, the Social Security Independence and Program Improvements Act of 1994, the function of the Secretary of Health and Human Services in Social Security cases was transferred to the Commissioner of the Social Security Administration, effective March 31, 1995. In accordance with section 106(d) of the Act, Shirley S. Chater, the Commissioner of Social Security, is substituted for Donna E. Shalala, Secretary of Health and Human Services, as the defendant. Although the Secretary of Health and Human Services was responsible for the actions of the Social Security Administration at the time of its final decision in this case, we refer to the defendant as "the Commissioner" throughout this disposition for the sake of convenience
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 The exchange between the ALJ and Fite reads as follows:
 ALJ: ... I'm wondering in [sic] if Dr. Johnson's completing this with you he sat down with you and asked you--
 Fite: Yeah. He went over it with me. He asked me the questions.
 ALJ: How much do you think you can lift and carry?
 Fite: 15 to 20 pounds. Pushing it, 25.
 ALJ: And how long can you stand?
 Fite: Oh, anywhere's between half hour to an hour.
 ALJ: And how long can you sit?
 Fite: Between oh, between an hour, maybe two.
 
 
 [2]
 Fite originally claimed her disability began on July 3, 1990 but later amended her application by changing the onset date to Aug. 20, 1991. Fite did not work after Aug. 20, 1991
 
 
 [3]
 The Commissioner's argued on appeal that "the residual functional capacity form at issue is not accompanied by any clinical findings" and so does not deserve deference. Dr. Johnson did, in fact, list clinical findings, albeit brief ones. He wrote, for instance, the Fite was suffering "Lumbar Disc Disease" and "Lumbar Degenerative Disc Disease."
 
 
 [4]
 Social Security Rulings are final opinions and statements of policy by the Commissioner of Social Security, binding on all components of the Social Security Administration. 20 C.F.R. Sec. 422.406(b)(1). They are "to be relied upon as precedent in determining cases where the facts are basically the same." Paulson v. Bowen, 836 F.3d 1249, 1252 (9th Cir.1988)