77 F.3d 489
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Vicki MARTINSON, Plaintiff-Appellant,
v.
Shirley S. CHATER, Commissioner, Social Security
Administration, Defendant-Appellee.
 No. 94-35889.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 6, 1995.*
Decided Feb. 21, 1996.
 
 1
 Before: D.W. NELSON and NOONAN, Circuit Judges; TANNER,** District Judge.
 
 
 2
 MEMORANDUM***
 
 FACTS AND PROCEEDINGS BELOW
 
 3
 Vicki Martinson appeals the ruling of the district court affirming the decision of the Commissioner of the Social Security Administration (the "Commissioner") to deny disability insurance benefits under Title II of the Social Security Act. Martinson applied for disability insurance benefits, claiming disability due to chronic obstructive pulmonary disease and depression. Her application was denied initially and upon reconsideration. She then requested a hearing before the Administrative Law Judge, who denied her application. The ALJ's decision became final when the Appeals Council declined to review the ALJ's decision. Martinson appealed this decision to the district court, which upheld the Commissioner's denial of benefits.
 
 ANALYSIS
 A. Standard of Review
 
 4
 This court reviews a district court's order affirming the Commissioner's denial of benefits de novo. Ramirez v. Shalala, 8 F.3d 1449, 1451 (9th Cir.1993). This court must affirm the Commissioner's denial of benefits if the ALJ's decision was supported by substantial evidence and based on the application of correct legal standards. Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir.1995). Substantial evidence is such relevant evidence that, considering the record as a whole, a reasonable mind might accept it as adequate to support a conclusion. Magallanes v. Bowen, 881 F.2d 747, 750 (9th Cir.1989)
 
 
 5
 In order for Martinson to qualify for Social Security disability benefits Martinson must establish that her physical impairments prevent her from engaging in substantial gainful activity. Her impairments must be proved by medically acceptable clinical or laboratory diagnostic techniques and be expected to last for at least 12 months. Martinson bears the burden of establishing that she is disabled. Andrews, 53 F.3d at 1040. Because the Commissioner does not dispute that Martinson is unable to perform her past work running a day care, the Commissioner bears the burden of showing other types of substantial gainful activity exist in the national economy that Martinson can perform. Id.
 
 
 6
 B. The ALJ's Decision to Disregard the Treating Physician's Opinion
 
 
 7
 Martinson contends that the ALJ's conclusion that she was able to perform light or sedentary work was not supported by substantial evidence because the ALJ improperly rejected her treating physician's ultimate conclusion as to the severity of her disability and her inability to work.
 
 
 8
 On May 28, 1991, Dr. Fairfax concluded that Martinson was "quite severely disabled" and "unable to perform any work activity on a sustained basis due to her severe chronic lung disease." While this opinion is not necessarily conclusive as to the ultimate issue of disability, the ALJ must have clear and convincing reasons to reject Dr. Fairfax's opinion because Dr. Fairfax was Martinson's treating physician. Magallanes, 881 F.2d at 751. The ALJ must set forth "specific legitimate reasons" for rejecting Dr. Fairfax's opinion, and the decision to reject Dr. Fairfax's opinion must be supported by substantial evidence. Rodrigues v. Bowen, 876 F.2d 759, 762 (9th Cir.1989).
 
 
 9
 The ALJ rejected Dr. Fairfax's opinion because the ALJ found that other evidence provided by Dr. Fairfax indicated that Martinson's condition was stable and that her condition did not affect her ability to sit, balance, or lift light objects and so contradicted the doctor's conclusion that Martinson could not do sustained work. This contradiction, apparent rather than real, is not a clear and convincing reason for rejecting Dr. Fairfax's ultimate conclusion that Martinson was unable to work.
 
 
 10
 First, Dr. Fairfax's notes indicating that Martinson's condition was stable do not undermine Dr. Fairfax's conclusion that Martinson is unable to work. Dr. Fairfax found Martinson's condition to be stable during a period in which she was not working, performing little in the way of household chores, going out infrequently, and taking frequent rests throughout the day. Significantly, there was no evidence in the record that Martinson's condition would continue to be stable if she resumed work. See Rodriguez, 876 F.2d at 762 (finding that doctor's statement that claimant was responding to treatment was not a clear and convincing reason for rejecting doctor's opinion that claimant was able to work only for a maximum of four hours per day). Rather, the record suggests that her condition would worsen if she returned to work--when she had been working she had frequent attacks, some of which required her to be hospitalized.
 
 
 11
 Second, Dr. Fairfax's opinion that Martinson could lift 20 pounds "very infrequently," could frequently lift 10 pounds, and that her condition did not impair her ability to sit or balance do not necessarily indicate Martinson could work. The ability to do sustained work requires more than the retention of those simple abilities. Hence, that Martinson retains these abilities does not provide a clear and convincing basis for rejecting Dr. Fairfax's opinion.
 
 
 12
 The Vocational Expert's opinion that Martinson could work at light or sedentary jobs such as taking tickets, bill collecting, acting as a customer service representative, also does not provide a clear and convincing basis for rejecting Dr. Fairfax's opinion. First, the Vocational Expert's opinion does not adequately take into account Martinson's need to avoid public contact. Martinson testified that she was unable to continue working as an office manager in part because contact with the people in the office would expose her to viruses and bacteria to which her condition leaves her particularly vulnerable. Several, if not all, of the jobs listed by the Vocational Expert require a significant amount of contact with other people and would thus endanger Martinson's health. Furthermore, the Vocational Expert's opinion does not take into account Dr. Fairfax's opinion that Martinson should not work. Nor does it adequately take into account the evidence in the record that Martinson's condition leaves her with an extremely low energy level.
 
 
 13
 Because the ALJ did not have clear and convincing reasons for rejecting Dr. Fairfax's opinion that Martinson was unable to work, we hold that the ALJ erred in disregarding it.
 
 
 14
 C. Other Evidence Showing Martinson's Ability to Work
 
 
 15
 Because Dr. Fairfax's opinion was uncontroverted, there was scant evidence to support the ALJ's conclusion that Martinson was able to work. The only evidence was that Martinson was able to care for herself and conduct her daily grooming; that she was able to vacuum occasionally; that she was able to make one meal a day; that she was able to sit, balance, stoop, and lift 20 pounds very infrequently and 10 pounds more frequently. We do not find such evidence to be substantial evidence of Martinson's ability to work, especially in light of her treating physician's opinion that her medical condition prevents her from doing so.
 
 CONCLUSION
 
 16
 This court has discretion to remand this case for further findings or to hold that Martinson is entitled to disability benefits. Ramirez, 8 F.3d at 1455. As "no useful purpose would be served by further administrative proceedings" since the record has been fully developed and there is not sufficient evidence to uphold the ALJ's decision, Rodriguez, 876 F.2d at 763, we decline to remand to the ALJ for further proceedings. Instead, because the treating physician's opinion is uncontroverted, we accept it as true. We thus REVERSE and REMAND for payment of benefits.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Circuit Rule 34-4
 
 
 **
 Honorable Jack E. Tanner, Senior United States District Judge for the Western District of Washington, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3