Nena W. RODRIGUEZ,
Plaintiff–Appellant,

v.

Otis R. BOWEN, Secretary of Health
and Human Services,
Defendant–Appellee.

No. 87–2719.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 16, 1988.

Decided May 30, 1989.

760

Brian I. Clymer, Tretschok, McNamara & Clymer, Tucson, Ariz., for plaintiff-appellant.

David R. Mazzi, Dept. of Health & Human Services, San Francisco, Cal., for defendant-appellee.

Before BOOCHEVER, REINHARDT and THOMPSON, Circuit Judges.

REINHARDT, Circuit Judge:

Nena Rodriguez, the claimant, appeals from summary judgment in favor of the Secretary of Health and Human Services

affirming the Secretary's denial of Rodriguez' application for Supplemental Security Income. We have jurisdiction under 42 U.S.C. §§ 405(g) & 1383(c)(3). We reverse the decision of the district court and award benefits, because the Secretary's determination that Rodriguez is not disabled is not supported by substantial evidence.

## FACTS

Rodriguez, a forty-two year-old woman, filed an application for supplemental security income benefits on June 10, 1985, claiming that she had been unable to work since November 1981. She has not been employed since 1972, when she married and quit her previous work as a waitress and bartender. At a hearing before an Administrative Law Judge (ALJ), she testified that she has had difficulty in breathing since November 1981, when she contracted a virus which later developed into bronchiectasis. She also testified that she is very sensitive to dust and fumes, and must wear a mask when she goes outside. To aid her breathing, she has been using a Ventalin inhaler and taking several medications, including Ceclor and Theodur. Three or four times each day, she must go through an elaborate postural drain procedure in order to clear her lungs of mucus. She testified that she experiences shortness of breath simply from walking in her house and that she can stand or sit for only very short periods of time. In addition, she testified that she was unable to bend over to lift and she cannot carry her garbage, groceries or laundry.

Rodriguez was examined by several doctors between March 1982 and August 1985. With only one exception, all of the examining physicians agreed as to Rodriguez' objective physical condition and the impairments from which she suffered.[1] The ALJ found that "[t]he medical evidence establishes that the claimant has ... bronchitis, bronchiectasis, asthma, allergic rhinitis and recurrent maxillary and frontal sinusitis."

Of the physicians who examined Rodriguez, only Dr. T. Pettinger, her treating

---

1. Dr. Dwight Wensel, although stating that Rodriguez' symptoms were consistent with a finding of bronchiectasis, did not confirm that diagnosis when he examined her in September 1983.

physician, expressed an opinion on the type and amount of work that she was capable of performing. He concluded that Rodriguez could perform only sedentary[2] or light[3] work for a maximum of four hours per day. Dr. Montijo, who examined Rodriguez at the request of the Secretary, did not express any opinion as to Rodriguez' residual functional capacity.[4] The ALJ discounted Dr. Pettinger's opinion, and concluded that Rodriguez has "the residual functional capacity to perform ... sedentary work on a sustained basis, with an additional environmental restriction against exposure to excessive amounts of dust, fumes, etc." Because the ALJ concluded that Rodriguez could engage in substantial gainful activity, her request for disability benefits was denied.

## DISCUSSION

### I

For Rodriguez to qualify for Social Security disability benefits, she must establish that her physical impairments prevent her from engaging in substantial gainful activity. 42 U.S.C. § 423(d)(1)(A) (Supp. 1988). The impairments must be proved by medically acceptable clinical or laboratory diagnostic techniques and be expected to last for a continuous period of at least 12 months. 42 U.S.C. §§ 423(d)(3) and (d)(1)(A) (Supp.1988). Rodriguez has the burden of establishing that she is disabled. However, the Secretary does not dispute that Rodriguez cannot perform her past work as a waitress or bartender. Thus, the burden shifts to the Secretary to show that she can still perform substantial gainful work. *Fife v. Heckler,* 767 F.2d 1427, 1429 (9th Cir.1985).

While the parties agree that Rodriguez' exertional impairments alone do not make her disabled, Rodriguez contends that these impairments, coupled with her nonexertional limitations, 20 C.F.R. § 416.945(d), do support such a conclusion. She contends that the ALJ erred in discounting Dr. Pettinger's uncontroverted opinion as to her residual functional capability, and that in light of that error there was not substantial evidence to support the finding that Rodriguez could engage in substantial gainful activity.[5]

The medical opinion of a claimant's treating physician is entitled to "special weight." *Embrey v. Bowen,* 849 F.2d 418, 421 (9th Cir.1988); *Valencia v. Heckler,* 751 F.2d 1082, 1088 (9th Cir.1985). The treating physician's opinion is given that deference because "he is employed to cure and has a greater opportunity to know and observe the patient as an individual." *Sprague v. Bowen,* 812 F.2d 1226, 1230 (9th Cir.1987) (citations omitted).[6] How-

---

**2.** 20 C.F.R. § 416.967(a) (1988) defines sedentary work as follows: "Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met."

**3.** 20 C.F.R. § 416.967(b) (1988) defines light work as follows: "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time."

**4.** "Residual functional capacity" means the claimant's physical and mental capabilities. *Valencia v. Heckler,* 751 F.2d 1082, 1085 (9th Cir.1985).

**5.** Rodriguez also contends that the ALJ erred in using the Medical–Vocational Guidelines (the Grid), 20 C.F.R. Part 404, Subpart P, Appendix 2 (1988). This contention is unfounded. We have previously held that use of the Grid as a guideline in cases which involve both exertional and nonexertional limitations is appropriate. *Blacknall v. Heckler,* 721 F.2d 1179, 1180–81 (9th Cir.1983).

**6.** The Secretary contends that Dr. Pettinger is not credible because he might "lean[ ] over backwards" to help Rodriguez. This is a serious

ever, the treating physician's opinion on the ultimate issue of disability is not necessarily conclusive.[7] The ALJ may disregard the treating physician's opinion, but only by setting forth "specific, legitimate reasons for doing so, and this decision must itself be based on substantial evidence." *Cotton v. Bowen,* 799 F.2d 1403, 1408 (9th Cir.1986). This burden can be met by providing a detailed summary of the facts and conflicting clinical evidence, along with a reasoned interpretation thereof. *Id.* Furthermore, the ALJ's reasons for rejecting the doctor's opinion must be "clear and convincing." *Montijo,* 729 F.2d at 601; *Rhodes v. Schweiker,* 660 F.2d 722, 723 (9th Cir.1981).[8]

Thus, the issue in this case is whether the ALJ gave clear and convincing reasons with sufficient detail and factual support to justify his rejection of Dr. Pettinger's opinion. The ALJ asserted that he was disregarding Dr. Pettinger's medical opinion because (1) Dr. Pettinger's records did not provide actual and specific clinical documentation; (2) the degree of impairment found by the doctor was inconsistent with earlier pulmonary function tests; and (3) Rodriguez apparently responded favorably to medical treatment.[9] On a thorough and complete review of the record, we conclude that these are not clear and convincing reasons for disregarding Dr. Pettinger's opinion that Rodriguez is disabled.

While objective diagnoses and observations are the most important parts of a physician's reports, "[n]either the [ALJ's] observation of the claimant nor his reliance on the inability of the physicians to support their findings with objective laboratory findings constitute[s] a clear and convincing reason for rejecting their conclusions." *Montijo v. Secretary of Health and Human Services,* 729 F.2d at 601 (citing *Day v. Weinberger,* 522 F.2d 1154, 1156 (9th Cir.1975)). Merely to state that a medical opinion is not supported by enough objective findings "does not achieve the level of specificity our prior cases have required, even when the objective factors are listed seriatim." *Embrey,* 849 F.2d at 421. "Disability may be proved by medically-acceptable clinical diagnoses, as well as by objective laboratory findings." *Day,* 522 F.2d at 1156.

In addition, the ALJ must give sufficient weight to the subjective aspects of a doctor's opinion. *Embrey,* 849 F.2d at 422. This is especially true when the opinion is that of the treating physician. *Young v. Heckler,* 803 F.2d 963 (9th Cir.1986), cited by the Secretary, is not to the contrary. In *Young,* the court upheld the ALJ's discounting of the medical opinion of the claimant's treating physician. 803 F.2d at 968. However, the treating physician's opinion was not only unsupported by clinical findings, but was contradicted by the

---

allegation which, if true, would support the Secretary's rejection of Dr. Pettinger's opinion. *Montijo v. Secretary of Health and Human Services,* 729 F.2d 599, 602 (9th Cir.1984). However, the ALJ made no specific findings on this issue, and nothing in the record supports the Secretary's position. In addition, this general assertion runs contrary to the deferential rule this court has adopted with respect to treating physicians' opinions. See discussion in text to which this note is appended.

**7.** We do not draw a distinction between a medical opinion as to a physical condition and a medical opinion on the ultimate issue of disability. *See, e.g., Embrey,* 849 F.2d at 420–22; *Kail,* 722 F.2d at 1497; *Montijo,* 729 F.2d at 601. Furthermore the Secretary, in his brief, does not contest this point.

**8.** The claimant relies on *Kail v. Heckler,* 722 F.2d 1496 (9th Cir.1984), for the proposition

that an uncontroverted opinion from a claimant's treating physician may never be disregarded. She is incorrect. In *Kail,* the ALJ relied on the medical opinion of a non-treating physician to overcome the treating physician's conclusion that the claimant was disabled. *Id.* at 1497. However, the non-treating physician never expressed an opinion regarding the claimant's residual functional capacity. *Id.* There was also no indication that any of the non-treating physician's observations of the claimant were in conflict with the treating physician's observations. Accordingly, we reversed the ALJ's decision denying benefits because he did not provide clear and convincing reasons for rejecting the uncontroverted opinion.

**9.** The ALJ also asserted that Dr. Pettinger did not provide a narrative explanation. However, the Secretary did not argue in its brief that this was a valid reason. Accordingly, we have not considered the argument.

opinions of all of the other examining physicians. *Id.* at 964, 968. A similar argument applies to the other principal case cited to us by the Secretary, *Lombardo v. Schweiker,* 749 F.2d 565, 566–67 (9th Cir. 1985).

 Here, although the ALJ did attempt to relate the objective findings to Dr. Pettinger's medical opinion, *Embrey,* 849 F.2d at 422, he appears ultimately to have stated that the opinion was not supported by the objective findings. As we have already discussed, and as our case law clearly establishes, this is not sufficient. *Montijo,* 729 F.2d at 601.[10]

The ALJ's conclusion that Rodriguez was responding to treatment also does not provide a clear and convincing reason for disregarding Dr. Pettinger's opinion. No physician opined that any improvement would allow Rodriguez to return to work. Equally important, the ALJ does not claim that Rodriguez is malingering, nor would the record support such a claim. *Gallant v. Heckler,* 753 F.2d 1450, 1455 (9th Cir.1984); *Rhodes v. Schweiker,* 660 F.2d 722, 723–24 (9th Cir.1981). Thus, the ALJ erred when he failed to provide clear and convincing reasons for disregarding the treating physician's opinion.

## II

 We still must decide whether to remand the case for further findings or hold that Rodriguez is disabled and entitled to disability benefits. While we have said that "[t]he decision whether to remand the case for additional evidence or simply to award benefits is within the discretion of the court," *Stone v. Heckler,* 761 F.2d 530, 533 (9th Cir.1985), we generally award benefits when no useful purpose would be served by further administrative proceedings, *Kornock v. Harris,* 648 F.2d 525, 527 (9th Cir.1985), or when the record has been fully developed and there is not sufficient evidence to support the ALJ's conclusion. *Hoffman v. Heckler,* 785 F.2d 1423, 1425 (9th Cir.1986). Remand is appropriate "where additional administrative proceedings could remedy defects"; but where remand would only delay the receipt of benefits, judgment for the claimant is appropriate. *Bilby v. Schweiker,* 762 F.2d 716, 719 (9th Cir.1985).

In a recent case in which the ALJ failed to provide clear and convincing reasons for discounting the opinion of the claimant's treating physician, we accepted the physician's uncontradicted testimony as true and awarded benefits. *Winans v. Bowen,* 853 F.2d 643, 647 (9th Cir.1988).[11] In that case, we concluded that there was not substantial evidence to support the denial of benefits. *Id.* Here, too, "[w]e are convinced that substantial evidence does not support the Secretary's decision." *Id.* Moreover, the administrative record is fully developed. Accordingly, we hold that the Secretary has accepted as true Dr. Pettinger's uncontroverted opinion that Rodriguez can work a maximum of four hours per day. Because the capability to work only a few hours per day does not constitute the ability to engage in substantial gainful activity, *Kornock v. Harris,* 648 F.2d 525, 527 (9th Cir.1980), remanding this case for further administrative proceedings would serve no useful purpose; rather, it would merely delay the award of benefits. Thus, as we did in *Winans,* we reverse and remand for the payment of benefits.

## REVERSED AND REMANDED

---

**10.** The Secretary also argues that the ALJ could properly discount the treating physician's opinion as to the extent of Rodriguez's impairment because the opinion was inconsistent with pulmonary function tests. This argument, as set forth in the ALJ's report, is neither clear nor convincing. It is expressed in conclusory terms, and the information provided is insufficient to permit the drawing of objective conclusions.

**11.** We note that the Eleventh Circuit has also adopted this approach, *see MacGregor v. Bowen,* 786 F.2d 1050, 1053 (11th Cir.1986) ("Where the Secretary has ignored or failed properly to refute a treating physician's testimony, we hold as a matter of law that he has accepted it as true"), and that we follow a similar rule when an ALJ fails to provide legally sufficient reasons for disregarding a claimant's excess pain testimony. *See Varney v. Secretary of Health & Human Services,* 859 F.2d 1396, 1401 (9th Cir.1988).