50 F.3d 18
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Thomas F. WHITWORTH, Plaintiff-Appellant,
v.
Donna E. SHALALA, Defendant-Appellee.
 No. 93-35630.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 8, 1995.*
Decided March 13, 1995.
 
 Before: HALL, O'SCANNLAIN, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Whitworth appeals the decision of the Secretary of Health and Human Services that his disability terminated on August 29, 1991 as found by the Administrative Law Judge (ALJ). We affirm in part and remand in part.
 
 
 3
 * On appeal, Whitworth first argues that the ALJ erred in discounting the opinion of Whitworth's treating physician, who stated that Whitworth would be completely disabled until at least April 1992.
 
 
 4
 As the district court properly noted, although the treating physician's opinion is accorded special weight, it is not conclusive as to the issue of disability. See Rodriguez v. Bowen, 876 F.2d 759, 762 (9th Cir.1989). Rather, "[t]he ALJ may disregard the treating physician's opinion, but only by setting forth specific, legitimate reasons for doing so, and this decision must itself be based on substantial evidence." Id. (quotation omitted). Because the ALJ provided a reasoned argument for his decision, supported by substantial evidence, no error has been demonstrated.
 
 II
 
 5
 Whitworth next argues that the ALJ misassessed his residual functional capacity. Specifically, Whitworth argues that the ALJ incorrectly concluded that Whitworth required only a 25 to 30 minute rest period after three to four hours of work; rather, Whitworth contends, he normally required several hours recovery.
 
 
 6
 As the district court recognized, however, there is substantial evidence in the record to support the ALJ's finding. Whitworth himself testified that "I lie down and the pain goes right away," and that the pain disappeared after lying down "for 30 minutes or so." Again, no error has been demonstrated.
 
 III
 
 7
 Whitworth next argues that the ALJ improperly found that an ability to do part-time work was sufficient to qualify as an ability to perform other work existing in the economy.
 
 
 8
 Although Whitworth's claim is correct--part-time work does not constitute the ability to engage in substantial gainful activity, see Rodriguez, 876 F.2d at 763--he cannot prevail on this issue because the ALJ also concluded that Whitworth was capable of performing full-time work. Thus, as the district court properly reasoned, because "the ALJ also found that petitioner was capable of performing full-time work ... the ALJ's alternative discussion of part-time work as substantial gainful activity, while improper as a basis itself, does not require reversal."
 
 IV
 
 9
 Whitworth next claims that the ALJ improperly relied on the Medical-Vocational Guidelines in determining that Whitworth was capable of performing other work in the economy.
 
 
 10
 In demonstrating that a claimant can perform "other work" in the national economy, the Secretary can utilize the Medical-Vocational Guidelines. See Jones v. Heckler, 760 F.2d 993, 998 (9th Cir.1985). The Guidelines present various combinations of the factors--residual functional capacity, age, education, work experience--which the Secretary must consider in determining the claimant's capability to perform other work; for each combination of factors, the Guidelines direct a finding of "disabled" or "not disabled." However, when the Guidelines do not describe completely the claimant's abilities and limitations, the ALJ may not rely on the Guidelines alone; rather, the ALJ must also consider the testimony of a vocational expert regarding the claimant's ability to perform other work. Id.
 
 
 11
 In the instant case, the ALJ recognized that Whitworth's limitations were not adequately addressed by the Guidelines. Consequently, the ALJ heard the testimony of a vocational expert. As the district court reasoned, because the ALJ used the Guidelines merely as a framework for his conclusion, no error has been demonstrated.
 
 V
 
 12
 Whitworth's final argument addresses the ALJ's finding regarding Whitworth's job skills. The ALJ concluded that Whitworth "did not have any acquired work skills which were transferable to the skilled or semi-skilled work functions of other work beginning August 30, 1991." Having made such a finding, Whitworth argues, the ALJ could not conclude that Whitworth was capable of performing the semi-skilled jobs of inventory clerk, gate tender and bailiff.[1]
 
 
 13
 According to the Dictionary of Occupational Titles (DOT), the jobs of inventory clerk, gate tender and bailiff are semi-skilled jobs.[2] See Dictionary of Occupational Titles, U.S. Dep't of Labor (4th ed. 1991) at 201, 268, 276; see also Terry v. Sullivan, 903 F.2d 1273, 1278 (9th Cir.1990) (jobs which carry SVP of 3 are semi-skilled jobs). By statutory definition, semi-skilled work requires "some [work] skills." 20 C.F.R. Sec. 404.1568(b). Based on the ALJ's findings, however, Whitworth has no transferable work skills. Thus, logic suggests that Whitworth is incapable of performing these jobs.
 
 
 14
 As the Secretary notes, Whitworth has not challenged the ALJ's finding that he was capable of performing the unskilled job of ticket taker. Thus, pursuant to the ALJ's findings, there remains one job in the national economy which Whitworth is capable of performing. Nevertheless, it is unclear that the existence of this job alone satisfies the Secretary's burden of demonstrating that Whitworth is capable of performing other jobs that exist in significant numbers in the national economy. See Jones, 760 F.2d at 995. Accordingly, we must remand for further findings on this issue.
 
 VI
 
 15
 For the reasons stated above, the judgment of the district court is
 
 
 16
 AFFIRMED in part and REMANDED in part with instructions to the district court to remand to the Secretary. Each party shall bear its own costs.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit R. 36-3
 
 
 [1]
 Although Whitworth raised this argument below, the district court did not reach it
 
 
 [2]
 The Secretary argues that a job's skill level cannot be determined by reference to the DOT, and that we should instead rely upon the testimony of the vocational expert "for a more detailed and specific understanding of job requirements and how those requirements would apply to a specific individual." In the instant case, however, the vocational expert testified that the relevant skill levels were those set forth in the DOT; the vocational expert gave no additional testimony regarding the skill levels of these jobs, nor did she testify regarding Whitworth's capacity to perform jobs at this level of skill