56 F.3d 73
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Sherry ROCKWELL, Plaintiff-Appellant,
v.
Donna E. SHALALA, Secretary of Health & Human Services,
Defendant-Appellee.
 No. 93-35748.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 3, 1995.*
Decided May 16, 1995.
 
 1
 Appeal from the United States District Court, for the District of Oregon, D.C. No. CV-92-01444-REJ; Robert E. Jones, District Judge, Presiding.
 
 
 2
 D.Or.
 
 REVERSED IN PART, VACATED IN PART
 
 3
 Before: BROWNING, REAVLEY,** and NORRIS, Circuit Judges
 
 
 4
 MEMORANDUM***
 
 
 5
 The Administrative Law Judge's ("ALJ") finding that Rockwell was not disabled is not supported by substantial evidence. The ALJ failed to provide clear and convincing reasons for rejecting the uncontroverted medical testimony that Rockwell was limited to six hours of sitting in a given work day, see Rodriguez v. Bowen, 876 F.2d 759, 762-63 & n.10 (9th Cir. 1989), and the testimony of the vocational expert did not establish the existence of a significant number of jobs in the national economy requiring only six hours of seated work per day. The ALJ also failed to provide specific, legitimate reasons for concluding that Rockwell was capable of working an eight-hour day at all -- in any combination of seated, standing or walking capacity. See Magallanes v. Bowen, 881 F.2d 747, 751-55 (9th Cir. 1989).
 
 
 6
 In support of his decision to accord Rockwell's pain testimony limited credence, the ALJ noted that Rockwell stated that she was able to get through most days without excessive amounts of pain medication, that she kept reasonably normal hours at home, and that she engaged in a limited variety of generally household-related activities. These reasons were sufficient to support the ALJ's discounting of Rockwell's testimony regarding her pain. See Drouin v. Sullivan, 966 F.2d 1255, 1258-59 (9th Cir. 1992); Cotton v. Bowen, 799 F.2d 1403, 1407 (9th Cir. 1986).
 
 
 7
 Because we conclude that "additional administrative proceedings could remedy defects[,]" Rodriguez, 876 F.2d at 763 (internal quotations omitted), we exercise our discretion to remand for further proceedings.
 
 
 8
 The order of the district court is REVERSED; the decision of the Secretary is VACATED, and the case is REMANDED for further proceedings consistent with this memorandum.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir. R. 34-4 and Fed. R. App. P. 34(a)
 
 
 **
 The Honorable Thomas M. Reavley, Circuit Judge, United States Court of Appeals for the Fifth Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3