76 F.3d 387
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Lyndon MOLLERSTROM, Plaintiff-Appellant,
v.
Shirley S. CHATER,** Commissioner of
Social Security, Defendant-Appellee.
 No. 94-35759.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 17, 1995.*
Decided Dec. 11, 1995.
 
 Before: WRIGHT, FERNANDEZ and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 Lyndon Mollerstrom appeals the judgment of the district court affirming the decision of the Secretary of Health and Human Services which denied his application for Social Security disability benefits under 42 U.S.C. § 405(g). We affirm.
 
 DISCUSSION
 
 3
 Mollerstrom asserts that the Secretary did not rely on substantial evidence because the Secretary improperly discounted the opinion of Mollerstrom's treating physician; and the Secretary improperly discounted Mollerstrom's pain testimony as not credible. Furthermore, Mollerstrom asserts that the Secretary wrongly determined that there were jobs in the national economy which he could perform because the vocational consultant did not consider all of Mollerstrom's relevant limitations in concluding that Mollerstrom was capable of performing competitive employment.
 
 
 4
 1. The Opinion of Mollerstrom's Treating Physician
 
 
 5
 Although the Secretary generally has discretion to resolve conflicts in the evidence, the opinion of the claimant's treating physician must be given "special weight." Burkhart v. Bowen, 856 F.2d 1335, 1339 (9th Cir.1988). To reject the treating physician's opinion the ALJ must provide "clear and convincing reasons that are supported by the record as a whole." Johnson v. Shalala, 60 F.3d 1428, 1432 (9th Cir.1995); Rodriguez v. Bowen, 876 F.2d 759, 762 (9th Cir.1989). The ALJ did provide clear and convincing reasons for rejecting Dr. Nelson's testimony.
 
 
 6
 The ALJ stated that Dr. Nelson's testimony should be discounted because Mollerstrom's activities belie his inability to perform sedentary and limited light work. He relied upon Mollerstom's exceptional record at school, his ability to do well in a working internship, his ability to perform household duties, and the fact that he was able to go on not just one, but two, camping trips. In addition, Mollerstrom's surgeon reported that Mollerstrom was asymptomatic a scant eight months before his last disability insurance date. While all of this could be read otherwise, we are unable to say that the ALJ's decision was not supported by substantial evidence.
 
 
 7
 2. The Severity and Duration of Mollerstrom's Pain
 
 
 8
 The ALJ did not err in discounting Mollerstrom's testimony of excess pain as not credible. The ALJ recognized the fact that Mollerstrom experienced some back pain, but concluded that the evidence of Mollerstrom's activities including his internship and college education provided sufficient evidence to throw doubt on Mollerstrom's credibility. Of course, pain is subjective, and the ALJ may not simply discount its existence without making "specific findings justifying that decision." Johnson, 60 F.3d at 1433 (citation omitted). But the ALJ's findings were sufficiently specific and to the purpose. The ALJ did not dispute the assertion that Mollerstrom suffers pain, but he did point out that it is perfectly clear that the pain does not prevent Mollerstrom from being very productive. Nor can we say that the ALJ's reflection that Mollerstrom has had little incentive to obtain a job was improper.
 
 
 9
 3. The Conclusions of the Vocational Consultant
 
 
 10
 In attempting to meet her burden, the Secretary may rely on the testimony of a vocational expert so long as the ALJ asks a hypothetical question which sets forth all of the claimant's limitations. Embrey v. Bowen, 849 F.2d 418, 422-23 (9th Cir.1988). Because the ALJ did not err in refusing to fully credit Dr. Nelson's testimony and Mollerstrom's testimony, the hypothetical question which the ALJ asked was sufficient.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 Pursuant to P.L. No. 103-296, the Social Security Independence and Program Improvements Act of 1994, the function of the Secretary of Health and Human Services in Social Security cases was transferred to the Commissioner of Social Security effective March 31, 1995. In accordance with § 106(d) of P.L. No. 103-296, Shirley S. Chater, Commissioner of Social Security should be substituted for Donna E. Shalala, Secretary of Health and Human Services, as the defendant in this action. No further action need be taken to continue this suit. Id
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3