78 F.3d 594
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
James F. RICKARDS, Plaintiff-Appellant,
v.
Shirley S. CHATER,* Commissioner of Social
Security, Defendant-Appellee.
 No. 94-35913.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Jan. 11, 1996.
Decided Feb. 29, 1996.
 
 Before: JOHN T. NOONAN, JR., LEAVY and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 James Rickards filed this action in district court seeking review of the Secretary's final decision finding him not disabled and ineligible for supplemental security income disability benefits and social security disability insurance benefits. The district court affirmed the Secretary's decision. Rickards timely appealed. We reverse.
 
 I.
 
 3
 Rickards contends that the ALJ did not provide sufficient reasons for disregarding Dr. Cronin's opinion. We agree. In addressing Dr. Cronin's opinion, the ALJ stated:
 
 
 4
 Further, the undersigned is unable to give any weight to the physical capacities assessment set forth in Exhibit 63, signed by claimant's then-treating physician, Dr. Cronin, indicating, among other things, that the claimant was incapable of lifting any objects or sitting, standing and walking for more than a total of six hours per day. I concur with the opinion of the previous Administrative Law Judge's decision that "Dr. Cronin's opinion is contradicted by the opinions of other doctors and is not supported by his own clinical findings which have shown good improvement following surgery without evidence of recurrent disc herniation or nerve root involvement."
 
 
 5
 Importantly, neither the present nor the previous ALJ identifies the "opinions of other doctors" they believe contradict Dr. Cronin's opinion, nor do they explain their reason for giving more weight to the opinions of these doctors than to the treating physician's opinion. A conclusory statement that there is a conflict between medical opinions is not a reason for disregarding a treating physician's opinion that is "specific and legitimate" and "supported by substantial evidence."
 
 
 6
 Moreover, as Rickards notes, Dr. Cronin's functional capacity assessment is not unsupported by Dr. Cronin's own clinical findings. A month after the functional capacity assessment, Dr. Cronin noted that Rickards "back has gotten progressively worse now with recurrent leg and buttock pain." Two weeks later Dr. Cronin noted that the "MR of his back shows that the previous bulging discs still bulge somewhat" and "Dr. Ballantyne feels there is a little compromise of the S1 nerve root out laterally." A month after that, Dr. Cronin noted that the MR study showed "what appears to be some sequestered disc fragment along the left S1 root." Two weeks later, Dr. Cronin surmised that the "fragment seen on [sic] MR is irritating the nerve root but not directly compromising it."
 
 
 7
 Finally, the Secretary cannot, as she attempts to do, correct the ALJ's failure to provide a proper explanation for his decision by proffering an after-the-fact explanation. See SEC v. Chenery Corp., 332 U.S. 194, 196 (1947) (in reviewing a determination that an administrative agency has the sole authorization to make, the reviewing court "must judge the propriety of such action solely by the grounds invoked by the agency"). However, even if she could, her proffered explanations are not supported by the record. For example, it was Dr. Davis, not Dr. Cronin as the Secretary contends, who indicated in January of 1991 that Rickards was capable of sitting, walking or standing 8 hours each a day. Moreover, Rickards testified that he never saw Dr. Davis and that he was told that Dr. Davis' opinion was an opinion as to what he could hopefully do after completing his therapy. Dr. Davis' opinion cannot, under the circumstances, be a ground for disregarding Dr. Cronin's opinion.
 
 
 8
 The Secretary also disregarded the opinion of Dr. Taylor, an examining physician. The ALJ disregarded Dr. Taylor's opinion because:
 
 
 9
 ... Dr. Taylor specifically found no diagnosable mental disorder, though he did note that there were mild manifestations of depression and anxiety. Accordingly, Dr. Taylor's mental residual capacity assessment ... is not supported by the factual record or Dr. Taylor's own diagnosis.
 
 
 10
 We agree with Rickards that this is not a clear and convincing reason for disregarding Dr. Taylor's uncontradicted opinion. Dr. Taylor performed a number of tests on Rickards and, based upon these tests, determined that Rickards (1) has a sixth grade, seventh month vocabulary; (2) has an arithmetic ability below the sixth grade level; (3) has limitations on his verbal abilities that would condition employment; (4) has "some loss of attention and concentration, and perhaps some auditory information process or problems with speed processing;" (5) has "marked difficulty acquiring and retaining information in the associative mode when new learning and new concepts are required;" and (6) has difficulty with visual scanning and perceptual motor tasks. Finally, Dr. Taylor opined that Rickards "appears moderately limited in his ability to maintain attention and concentration for extended periods, and because of his pain behavior ... it would appear problematic as to whether or nor he could perform activities within a schedule, maintain regular attendance, or carry out a normal work day or work week with marked adjustments in the environment." That Dr. Taylor did not believe these impairments rise to the level of a diagnosable mental disorder is not a clear and convincing reason for disregarding Dr. Taylor's opinion that these limitations in fact exist.
 
 
 11
 Because the ALJ failed to present specific and legitimate reasons for disregarding Dr. Cronin's and Dr. Taylor's testimony, the Secretary has accepted their opinions as true. Rodriguez v. Bowen, 876 F.2d 759 (9th Cir.1989). The ALJ's finding that Rickards can perform work in the national economy is based upon VE Green's answer to a hypothetical that does not include all of Rickards' limitations as determined by Dr. Cronin and Dr. Taylor. Consequently, VE Green's testimony is not substantial evidence in support of the ALJ's finding that Rickards can perform work existing in the economy. See Embrey v. Bowen, 849 F.2d 418, 423 (9th Cir.1988) (in order for a vocational expert's testimony to be of evidentiary value, the testimony must be based on a hypothetical that includes all of the claimant's limitations). Because the record contains vocational expert testimony that, given his impairments as found by Dr. Cronin and Dr. Taylor, Rickards cannot perform work existing in the national economy, we REVERSE and REMAND for the payment of benefits.
 
 
 
 *
 Shirley S. Chater, Commissioner of Social Security, has been substituted for Donna E. Shalala, Secretary of Health and Human Services, in accordance with P.L. 103-296, the Social Security Independence and Program Improvements Act of 1994, and pursuant to Federal Rule of Appellate Procedure 43(c)(1)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3