131 F.3d 145
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Leslie ANDERSEN, Plaintiff-Appellant,
v.
John J. CALLAHAN,* Acting Commissioner,
Social Security Administration, Defendant-Appellee.
 No. 96-35923.
 United States Court of Appeals, Ninth Circuit.
 Argued and submitted Nov. 6, 1997.
Decided Nov. 19, 1997.
 
 1
 Appeal from the United States District Court for the District of Oregon, No. CV-95-06306-TMC; Michael R. Hogan, Chief District Judge, Presiding. Portland, Oregon
 
 
 2
 Before: NOONAN and HAWKINS, Circuit Judges, and MERHIGE,*** District Judge.
 
 
 3
 MEMORANDUM**
 
 
 4
 Leslie Andersen appeals the district court's affirmance of the decision of the Commissioner of the Social Security Administration ("Commissioner") to deny his application for Supplemental Security Income ("SSI") disability benefits pursuant to Title XVI of the Social Security Act, 42 U.S.C. § 405(g). We reverse and remand for a determination of benefits.
 
 
 5
 The Administrative Law Judge ("ALJ") rejected the opinion of Dr. Todd Lewis, Andersen's treating orthopedic surgeon, that Andersen is disabled and must lie down for three hours in an eight-hour day. Because the opinion of a treating physician is entitled to special weight, an ALJ may reject a treating physician's opinion only if the ALJ makes findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record. Smolen v. Chater, 80 F.3d 1273, 1283 (9th Cir.1996). If the treating physician's opinion is uncontroverted, as in this case, the ALJ's reasons for rejecting that opinion must be clear and convincing. Id. We find that the ALJ failed to meet this standard.
 
 
 6
 The ALJ's main reason for rejecting Dr. Lewis' opinion--the lack of supplemental x-rays in October 1993 to support Dr. Lewis' conclusion that Andersen is disabled--is not convincing. An ALJ may not reject a treating physician's opinion regarding disability merely because it is not supported by objective laboratory findings. Rodriquez v. Bowen, 876 F.2d 759, 762 (9th Cir.1989). Dr. Lewis had noted in August 1993 that Andersen's back condition would most likely worsen in frequency, duration, or intensity in the future. Dr. Lewis documented the decreasing range of motion in Andersen's back both before and after October 1993. See Johnson v. Shalala, 60 F.3d 1428, 1432-33 (9th Cir.1995) (noting the importance of a treating physician's clinical findings). With this history of treatment and the worsening of the cerebral palsy residuals in Andersen's legs over time, Dr. Lewis could conclude, without taking supplemental x-rays, that an increased frequency in Andersen's episodic back pain rendered Andersen disabled.
 
 
 7
 We are not convinced by the other reasons given by the ALJ for rejecting Dr. Lewis' opinion. Although Andersen's daily household activities demonstrate some capability to sit, stand, and walk, these activities are not easily transferable to a work setting. Smolen, 80 F.3d at 1284 n. 7. The ALJ erroneously credited the opinion of Dr. Frank Lahman, a clinical psychologist, that Andersen could work even though Dr. Lahman is not qualified to render an opinion on Andersen's physical capabilities and offered no objective medical evidence to support that opinion. Finally, Dr. Lewis' inconsistent reports on the existence of polio residuals affecting Andersen's condition have no effect on the reliability of Dr. Lewis' uncontradicted diagnosis of complete spondylosis and cerebral palsy residuals. Thus, we conclude that the ALJ improperly rejected the opinion of Andersen's treating physician that Andersen is disabled.
 
 
 8
 The ALJ also found that Andersen's testimony regarding pain, memory loss, and other subjective complaints was not credible to the extent alleged. Andersen produced objective medical evidence of an underlying impairment, spondylosis, which would reasonably be expected to produce the pain or symptoms alleged. See Cotton v. Bowen, 799 F.2d 1403, 1407-08 (9th Cir.1986). As there is no evidence of malingering, the ALJ may reject Andersen's testimony about the severity of his symptoms only by offering specific, clear, and convincing reasons for doing so. Smolen, 80 F.3d at 1281. We find that the ALJ did not meet this standard.
 
 
 9
 The ALJ rejected Andersen's subjective symptoms testimony because the ALJ found that Andersen tended to exaggerate the severity of his pain. The specific examples the ALJ cited as evidence of Andersen's exaggerations are wholly unconvincing. Andersen's descriptions of his pain in response to Dr. Lahman's questions are not necessarily exaggerations that undermine his credibility. The severity of pain is a difficult symptom to describe objectively. Andersen used everyday expressions to convey the severity of his pain. The fact that he rated his pain slightly off the scale or described himself as having the body of an older man is not a clear and convincing reason to discount the extent of his pain.
 
 
 10
 We find that the ALJ's reasons for rejecting Dr. Lewis' opinion and Andersen's testimony were legally insufficient, the record is fully developed, and Andersen would be found disabled if the evidence was properly credited. Therefore, we REVERSE and REMAND for a calculation of benefits.
 
 
 
 *
 John J. Callahan, Acting Commissioner, Social Security Administration, is automatically substituted for his predecessor, Shirley S. Chater, Commissioner, Social Security Administration, pursuant to Fed. R.App. P. 43(c)
 
 
 **
 * Honorable Robert R. Merhige, Jr., Senior United States District Judge for the Eastern District of Virginia, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3