**Jerlyn MURRAY, Plaintiff—Appellant**

v.

**Kenneth S. APFEL, Commissioner of Social Security Administration, Defendant—Appellee**

No. 99–56153.
D.C. No. CV–98–00220–BTM/LSP.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 14, 2001.

Decided Feb. 26, 2001.

Before BEEZER, T.G. NELSON and BERZON, Circuit Judges.

## MEMORANDUM *

Jerlyn Murray appeals the district court's grant of summary judgment to the Commissioner of Social Security affirming the Administrative Law Judge's decision that Murray was not disabled for purposes of obtaining Supplemental Security Income. Because the facts are familiar to the parties, we repeat them only as necessary to explain our decision.

1. The ALJ did not err in rejecting the opinions of Murray's treating physicians.

First, the ALJ found Dr. Abrams' conclusion that Murray is disabled to be inconsistent with Abrams' finding that she can learn to perform all essential functions

with her unimpaired right arm. This reason for rejecting a treating physician's opinion is clear and convincing, and is supported by substantial evidence. *Rodriguez v. Bowen*, 876 F.2d 759, 763 (9th Cir.1989).

Second, Dr. Liss' opinion as to the disabling effect of Murray's cognitive deficits was contradicted by Dr. Napoletano. Liss' opinion was not supported by objective clinical findings, while Napoletano's was. Reliance on Napoletano's opinion rather than Liss' for this specific, legitimate reason was therefore proper. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir.1989).

2. The ALJ's finding as to the severity of Murray's mental impairment is supported by Dr. Napoletano's report. Although the ALJ's finding does not precisely follow Napoletano's conclusions regarding Murray's cognitive impairments, the ALJ was entitled to resolve ambiguities in the record. *Magallanes*, 881 F.2d at 750.

3. The ALJ gave clear and convincing reasons for rejecting Murray's testimony regarding her disabling pain and other limitations. *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir.1993). First, Murray has pursued only conservative treatment for her pain, without offering any explanation for failing to seek more aggressive treatment. *Johnson v. Shalala*, 60 F.3d 1428, 1434 (9th Cir.1995); *Fair v. Bowen*, 885 F.2d 597, 602 (9th Cir.1989). Second, Dr. MacMorran found no evidence of the sitting, standing, and walking limitations that Murray alleged.

4. The ALJ's ultimate conclusion that Murray is not disabled because she can perform "other work existing in signif-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

icant numbers in the national economy" is supported by substantial evidence. In response to a hypothetical incorporating all the physical and mental impairments that the ALJ had already credited, the vocational expert testified that Murray could work either as an audit clerk or a surveillance system monitor. Even if, as she argues, Murray cannot perform the audit clerk job, the record supports the ALJ's finding that she can perform the surveillance system monitor job, of which some 52,000 positions exist nationwide. Because the statute requires a finding that a claimant is not disabled if work she can perform is available in significant numbers in the national economy, even if such work is unavailable in substantial numbers in the area where the claimant lives, 42 U.S.C. § 423(d)(2)(A), the ALJ did not err in concluding that Murray is not disabled.

AFFIRMED.