Marisa FRANCO, Plaintiff—Appellant,

v.

Jo Anne B. BARNHART, Commissioner of Social Security, Defendant—Appellee.

No. 03–55026.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 10, 2004.

Decided July 20, 2004.

P.2d 150, 154 (Alaska 1984) (same).

Henry N. Ernecoff, Esq., Law Office of Henry N. Ernecoff, San Diego, CA, for Plaintiff–Appellant.

Geralyn A. Gulseth, Esq., SSA–Social Security Administration, Office of the General Counsel, San Francisco, CA, for Defendant–Appellee.

Before: T.G. NELSON, TASHIMA, and FISHER, Circuit Judges.

### MEMORANDUM *

Marisa Franco challenges the district court's affirmation of the Social Security Administration Appeals Council's ("the Council's") denial of her social security disability benefits from the period of December 20, 1994, to January 31, 1997. We conclude that Franco was disabled for part of that period and therefore affirm in part and reverse in part. Because the facts are familiar to the parties, we do not recite them here except as necessary.

The Administrative Law Judge's ("ALJ's") and Council's denial of disability benefits from January 5, 1996, to January

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

31, 1997, was based on legal error and was not supported by substantial evidence in the record.[1] The ALJ and Council failed to substantiate their implicit rejection of Dr. Bjorn Eek's opinion that Franco was "totally disabled" and should remain off work from January 26, 1996, to April 8, 1996. Because Dr. Eek was one of Franco's treating physicians, the ALJ and Council owed his opinion special deference.[2] The ALJ's and the Council's failure to set forth specific, legitimate reasons for rejecting Dr. Eek's opinion was legal error.[3]

Franco's primary treating physician, Dr. Walter Strauser, opined that Franco should remain off work from August 16, 1996,[4] to beyond the current disability onset date of February 1, 1997. The Council did not offer specific, legitimate reasons for disregarding Dr. Strauser's opinion.[5] To the extent that the Council implicitly adopted the ALJ's specific reasons for rejecting Dr. Strauser's opinion, those reasons are not clear and convincing.[6] Furthermore, the ALJ and Council ignored the statement of Dr. Vert Mooney on January 8, 1996,[7] that Franco was "extremely disabled."

■ Because the record does not lend support to Franco's contention that she was disabled prior to January 5, 1996, we affirm the Council's determination for the time period of December 20, 1994, to January 4, 1996. However, taking into account Dr. Mooney's opinion that Franco was extremely disabled and Dr. Eek's and Dr. Strauser's opinions that Franco should remain off work, substantial evidence in the record establishes that Franco was disabled from January 5, 1996, to January 31, 1997.[8] We therefore reverse and remand to the district court to remand to the Council for an award of benefits for that period of time.

1. We review *de novo* the district court's order upholding the Council's denial of disability benefits. The Council's "denial of disability benefits may be set aside only when the ALJ's findings are based on legal error or not supported by substantial evidence in the record." *Ex rel. Benton v. Barnhart*, 331 F.3d 1030, 1035 (9th Cir.2003).

2. *See Rodriguez v. Bowen*, 876 F.2d 759, 761 (9th Cir.1989).

3. *Id.* at 762.

4. Dr. Strauser also referred Franco to a pain management center in July 1996, due to her "extremely limited functional status" and "the chronicity of her problem." This indicated that Dr. Strauser believed that Franco could not work as early as July 1996.

5. *See Rodriguez*, 876 F.2d at 761–62 (requiring that substantial evidence support the ALJ's reasons for rejecting a treating physician's opinion of disability and that those reasons be clear and convincing).

6. *See id.* Although Dr. Strauser documented very few clinical findings beyond tenderness at the bone graft site, his diagnosis of severe pain due to Franco's back surgery was consistent with the findings of nearly every other physician who treated Franco. Most of the physicians with whom Dr. Strauser disagreed regarding Franco's level of disability examined Franco before January 1996, or after February 1, 1997. The Council has implicitly rejected the opinions of the latter group of physicians with its determination that Franco was disabled as of February 1, 1997. Additionally, the ALJ ignored the opinions of those examining physicians who agreed with Dr. Strauser. Most prominently, the ALJ ignored Dr. Eek's identical determination that Franco should remain off work.

7. Although Dr. Mooney recorded his opinion on January 8, 1996, his statement referred to his examination of Franco three days earlier. Therefore, the relevant date regarding Franco's level of disability was January 5, 1996.

8. This is particularly true given that all the medical conditions from which Franco suffered in February 1997, as noted by Dr. Richard Babkes, had existed since at least January 1996.

AFFIRMED IN PART; REVERSED AND REMANDED IN PART. COSTS TO APPELLANT.