**NOT FOR PUBLICATION**

DEC 21 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ESTHER G. WILSON, | No. 10-35212 |
| Plaintiff - Appellant, | D.C. No. 4:08-cv-5738-RBL-KLS |
| v. | |
| MICHAEL J. ASTRUE, Commissioner, Social Security Administration, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Argued and Submitted November 4, 2010
Seattle, Washington

Before: B. FLETCHER and BYBEE, Circuit Judges, and WILKEN, District Court
Judge.[**]

Esther G. Wilson appeals the district court's decision affirming an

administrative law judge's (ALJ) decision that she was not disabled as of

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. Rule 36-3.

[**]     The Honorable Claudia Wilken, United States District Judge for the
Northern District of California, sitting by designation.

September 29, 2004.  Wilson argues that the ALJ erred by improperly evaluating the medical evidence, improperly assessing Wilson's testimony to be less than fully credible, improperly discrediting lay witness testimony, and improperly determining Wilson's residual functional capacity (RFC).  She claims that the district court erred in affirming the ALJ's decision.  We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm the district court.

We review de novo a district court's order upholding a denial of social security benefits.  Howard ex rel. Wolff v. Barnhart, 341 F.3d 1006, 1011 (9th Cir. 2003).  The ALJ's decision must be upheld if it is supported by substantial evidence and based upon the correct legal standards.  Id.  Substantial evidence is more than a mere scintilla but less than a preponderance.  Id.  "[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence."  Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006) (internal quotation marks omitted).

The ALJ properly discredited Dr. Stout's August 2007 assessment that Wilson's functional activities were extremely limited due to debilitating pain because Dr. Stout had noted on June 28, 2007, when he last examined Wilson, that her pain was significantly improved due to her new pain medication, such that she could undertake activities of daily living and part-time work.  Dr. Stout's June 28,

2007, note quoted Wilson as stating that her new pain medication was working well and that she was satisfied with it. Thus, the ALJ provided specific, legitimate reasons supported by substantial evidence in the record for rejecting Dr. Stout's August 2007 assessment. See Rodriguez v. Bowen, 876 F.2d 759, 762 (9th Cir. 1989). Without Dr. Stout's August 2007 assessment, Wilson presents insufficient medical evidence to support a disability.

The ALJ properly assessed Wilson's testimony as only partially credible because, at the administrative hearing, she did not acknowledge any improvement in her pain as a result of the new pain medication even though, only two months earlier, she had told Dr. Stout that the medication was working well. The ALJ also relied on an April 28, 2005, psychiatric report noting that although Wilson stated she was experiencing constant pain such that she could not stand or do housework, she presented a pleasant demeanor and an euthymic mood, with no behavior evidencing pain. These are clear and convincing reasons to discredit some of Wilson's testimony. See Lester v. Chater, 81 F.3d 821, 834 (9th Cir. 1995).

The ALJ properly rejected the lay testimony of Wilson's husband and son. Their evidence consisted of declarations completed in March 2005, which was prior to June 2007, when the new pain medication was prescribed for Wilson, which the record indicated alleviated her pain.

Because the ALJ properly considered the medical evidence and properly assessed the testimony of Wilson and her family members, his RFC was supported by the evidence. At the hearing, the ALJ posed several hypotheticals to the Vocational Expert (VE), which contained the limitations he noted in his RFC. Therefore, the ALJ properly relied on the VE's testimony that there were several jobs that Wilson could perform in the national economy. The district court did not err in affirming the ALJ.

For the foregoing reasons, we **affirm** the judgment of the district court.