

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

KARI KAUFFMAN,

        Plaintiff-Appellant,

v.

NANCY A. BERRYHILL, Acting
Commissioner Social Security,

        Defendant-Appellee.

No.   14-35609

D.C. No. 1:12-cv-00772-AC

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Michael H. Simon, District Judge, Presiding

Submitted April 13, 2017 [**]

Before: GOODWIN, LEAVY, and SILVERMAN, Circuit Judges:

Kari Kauffman appeals the district court's order affirming the Social

Security Administration's denial of her Title II disability insurance benefits.

Kauffman claimed disability due to cerebral palsy and rheumatoid arthritis. We

_____

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     We grant appellant's motion to waive oral argument and to submit this case on the briefs. (DktEntry 23).

have jurisdiction pursuant to 28 U.S.C. § 1291. We review the district court's order de novo and may reverse the agency's denial of benefits only if the ALJ's decision is not supported by substantial evidence or contains legal error. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). We reverse and remand for further proceedings.

Kauffman argues that the ALJ failed to provide specific and legitimate reasons supported by substantial evidence for rejecting the opinion of Dr. Basin, Kauffman's treating rheumatologist. We agree. Dr. Basin opined that functional limitations in Kauffman's shoulders, hands and feet due to joint damage, swelling, and deformities caused by rheumatoid arthritis prevented her from working and that Kauffman's pain was sufficiently severe to interfere with her attention and concentration. An ALJ may reject a treating physician's opinion if it "is brief, conclusory, and inadequately supported by clinical findings." *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002). But, contrary to the ALJ's finding, Dr. Basin's opinions were indeed based on and supported by objective medical evidence, including physical examination and x-rays. Dr. Basin's opinions also were consistent with the only other medical evidence in the record: the opinion of Dr. Nolan, who examined Kauffman. *See Rodriguez v. Bowen*, 876 F.2d 759, 762 (9th

2

Cir. 1989) (the ALJ must cite "conflicting clinical evidence" to reject a treating physician's opinion for a lack of objective findings).

Kauffman argues that the ALJ implicitly and improperly rejected the opinion of Dr. Nolan, an examining physician, when the ALJ found that Kauffman could frequently handle items during an eight-hour day. We agree with Kauffman. Frequent handling involves "seizing, holding, grasping, turning or otherwise working primarily with the whole hands or hands" for one-third to two-thirds of an eight-hour day. SSR 85-15, 1985 WL 56857 * 7 (1985); 20 C.F.R. § 404.1567 (2017); Dictionary of Occupational Titles, 379.367-010 (4th ed. 1991), 1991 WL 673244 (1991). Consistent with Dr. Basin's opinion, Dr. Nolan diagnosed reasonably advanced rheumatoid arthritis and opined that Kauffman would have problems with repetitive finger activities and difficulty with fine finger activities. Physical examination revealed that Kauffman had a limited ability to flex her fingers, soft tissue swelling in her wrists, thickening in her finger and knuckle joints, an inability to form fists with her hands, weak grip strength, and the ability to grasp only with the first or last three fingers. When reviewed in its entirety, Dr. Nolan's report does not support the ALJ's finding that Kauffman could handle items for over five hours in an eight-hour day. *See Widmark v. Barnhart*, 454 F.3d 1063, 1067 (9th Cir. 2006) (holding that substantial evidence did not support the

ALJ's manipulation findings because the findings were inconsistent with the physician's report, when viewed in its entirety). The error is not harmless because all of the medical evidence in the record precludes a finding that Kauffman could frequently handle items. The bottom line is that the ALJ rejected Dr. Nolan's examining opinion without providing clear and convincing reasons supported by substantial evidence.

Also, the ALJ failed to provide clear and convincing reasons for rejecting Kauffman's testimony that her condition had deteriorated between 2008 and 2010. The only reason given by the ALJ that is supported by the record – a lack of medical evidence –  cannot be the sole reason for rejecting a claimant's testimony. *See Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005) ("Although lack of medical evidence cannot form the sole basis for discounting pain testimony, it is a factor that the ALJ can consider in his credibility analysis.").

The ALJ also erred by discrediting the lay testimony of Kauffman's father, Merwin Hulburt, by speculating that Hulburt "might be apt to transfer some of his experience" with rheumatoid arthritis "onto his daughter's situation." The record simply does not support the speculation. Hulburt testified that he could not estimate how often Kauffman had pain, and the physical limitations observed by Hulburt were consistent with all of the medical evidence in the record.

Because the record does not support a finding that Kauffman could frequently handle items and because the hypothetical question posed to the vocational expert did not include all of the limitations noted by the medical experts, the finding that Kauffman can perform other work is not supported by the record. *See Thomas*, 278 F.3d at 956 (vocational expert testimony is only reliable if the hypothetical question includes all of the claimant's limitations).

We reverse and remand for further proceedings.

**REVERSED AND REMANDED.**