**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 19 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

KATE SVALDI,

          Plaintiff-Appellant,

    v.

NANCY A. BERRYHILL, Acting
Commissioner of Social Security
Administration,

          Defendant-Appellee.

No. 15-35848

D.C. No. 2:15-cv-00115-RAJ

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Richard A. Jones, District Judge, Presiding

Submitted December 8, 2017
Seattle, Washington

Before: TALLMAN and WATFORD, Circuit Judges, and BENITEZ, District
Judge.[**]

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    [**]    The Honorable Roger T. Benitez, United States District Judge for the
Southern District of California, sitting by designation.

Kate Svaldi appeals pro se the district court's decision affirming the Commissioner of Social Security's denial of her application for disability insurance benefits under Title II of the Social Security Act. We review de novo, *Ghanim v. Colvin*, 763 F.3d 1154, 1159 (9th Cir. 2014), and we remand for calculation of benefits. *Orn v. Astrue*, 495 F.3d 625, 640 (9th Cir. 2007).

The administrative law judge ("ALJ") failed to provide clear and convincing reasons supported by substantial evidence for giving little weight to the uncontradicted opinion of Santosh Agnani, M.D., who began treating Svaldi in August 2009, thirteen months before her September 30, 2010 date last insured ("DLI").

Viewed in the context of the record as a whole, the treatment records from Svaldi's treating physicians, including Dr. Agnani, are reasonably read as reflecting that Svaldi had a chronic condition and experienced some periods of improvement during the relevant two-year period prior to her DLI, but those periods of improvement were not sustained. *See Garrison v. Colvin*, 759 F.3d 995, 1017 (9th Cir. 2014); *Holohan v. Massanari*, 246 F.3d 1195, 1205 (9th Cir. 2001); *Rodriguez v. Bowen*, 876 F.2d 759, 763 (9th Cir. 1989). As a result, the ALJ's conclusion that Dr. Agnani's December 2010 opinion was inconsistent with the record prior to Svaldi's DLI does not rest on a clear and convincing reason that is supported by substantial evidence. *See Holohan*, 246 F.3d at 1205 (holding that the ALJ erred in

2

rejecting the opinion of claimant's treating psychiatrist on the basis that his opinion conflicted with his treatment notes because the treating psychiatrist's "statements must be read in [context of] the overall diagnostic picture he draws"). Additionally, Dr. Agnani's 2012 and 2014 opinions are retrospective: they refer back to the same chronic condition and symptoms discussed in his 2010 opinion, and they do not indicate that there was any decline in Svaldi's condition over time. As a result, the fact that those opinions were issued significantly after Svaldi's DLI does not undercut the weight those opinions are due. *See Garrison*, 759 F.3d at 1017 n.22; *see also Lester v. Chater*, 81 F.3d 821, 832 (9th Cir. 1995) ("'[M]edical evaluations made after the expiration of a claimant's insured status are relevant to an evaluation of the preexpiration condition.'" (quoting *Smith v. Bowen*, 849 F.2d 11 122, 1225 (9th Cir. 1988))). Moreover, the ALJ's reliance on inconsistencies between Dr. Agnani's treatment notes and Svaldi's reports that she was "doing fine" and undertaking some activities outside her home, falls short of identifying a clear and convincing reason to discount Dr. Agnani's 2012 and 2014 opinions. *See Ghanim*, 15 763 F.3d at 1162.

The ALJ also erred in giving little weight to the opinion of Svaldi's therapist, Michelle Blumenzweig, M.S.W., who treated Svaldi from November 2009 through January 2011. The reason the ALJ provided – inconsistency with record medical evidence – is not germane because it rests on the same reasoning and, therefore, fails

for the same reasons, as the ALJ's determination that Dr. Agnani's December 2010 opinion was due little weight. *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).

The ALJ's reliance on an improper assessment of the medical evidence that is not supported by substantial evidence undermines the validity of the ultimate disability determination. The two reasons the ALJ provided for discounting Svaldi's symptom testimony are not specific, clear and convincing reasons supported by substantial evidence. *Id.* at 1112. First, because the ALJ's assessment of the objective medical evidence is flawed, as discussed above, the ALJ's determination that Svaldi's symptom testimony was not supported by the objective medical evidence is error. Second, although the ALJ properly considered whether Svaldi's symptom testimony was inconsistent with her conduct, *Orn*, 495 F.3d at 636, his conclusion that inconsistences existed regarding Svaldi's extreme difficulty being around others is not supported by substantial evidence and does not undermine Svaldi's overall credibility. *See Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001). Additionally, Svaldi's activities, including outings with and without the support of immediate family members, show neither that those activities were transferable to a work setting nor that Svaldi spent a substantial part of her day employing transferrable skills. *Orn*, 495 F.3d at 639.

Because the ALJ improperly rejected the opinions of Dr. Agnani and Ms. Blumenzweig and Svaldi's symptom testimony, the ALJ's reliance on the vocational

expert's testimony was error because the hypothetical the ALJ posed did not include all of Svaldi's limitations that are supported by substantial evidence. *See Lingenfelter v. Astrue*, 504 F.3d 1028, 1040-41 (9th Cir. 2007) (concluding that an ALJ's Step Five determination was not supported by substantial evidence because it was based on an residual functioning capacity assessment that was not supported by substantial evidence); *cf. Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005) (explaining that the hypothetical the ALJ poses to the VE must contain all of the limitations that the ALJ found to be credible and supported by substantial evidence).

We remand for an award of benefits. The ALJ's reasons for disregarding the opinions of Svaldi's treating physician and treating therapist, as well as Svaldi's symptom testimony, are legally insufficient. It is clear from the record that the ALJ would be required to find Svaldi disabled if Dr. Agnani's and Ms. Blumenzweig's improperly rejected opinions were credited as true. Svaldi's case has been pending for several years. The relevant two-year period for which Svaldi seeks benefits ended over seven years ago, and the record is fully developed. *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). Additional proceedings would only delay Svaldi's receipt of benefits. *See, e.g., Garrison*, 759 F.3d at 1021-22 (remanding for an award of benefits where, once the improperly rejected opinions and testimony were credited, it was clear that the claimant was disabled); *Orn*, 495 F.3d at 640 (same). We therefore reverse the decision of the district court and remand with instructions

to remand to the Commissioner of Social Security to calculate and award benefits to

Svaldi. *Id.* at 640.

**REVERSED and REMANDED.**