106 F.3d 407
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Wayne W. HAMILTON, Plaintiff-Appellant,
v.
Shirley S. CHATER, Secretary, Commissioner of the Social
Security Administration, Defendant-Appellee.
 No. 95-35818.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 10, 1997.*
Decided Jan. 14, 1997.
 
 Before: ALDISERT,** PREGERSON, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 The parties are familiar with the facts of this case, and we will not restate them here. There are three issues presented in this appeal: (1) whether the Administrative Law Judge (ALJ) improperly disregarded the opinions of Hamilton's treating physicians; (2) whether the ALJ improperly discredited Hamilton's pain testimony; and (3) whether the ALJ failed to evaluate Hamilton's ability to perform other work.
 
 
 3
 We review a district court's order upholding the Commissioner's denial of benefits de novo. Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir.1996). The scope of our review, however, is limited: we must affirm the Commissioner's decision if substantial evidence supports that decision and the Commissioner applied the correct legal standards. Id. After a thorough examination of the record and the briefs, we affirm the decision of the district court.
 
 Opinion of Claimant's Treating Physicians
 
 4
 The ALJ must give the medical opinion of a claimant's treating physician "special weight," Rodriguez v. Bowen, 876 F.2d 759, 761 (9th Cir.1989), since a treating physician "is employed to cure and has a greater opportunity to know and observe the patient as an individual." Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir.1995) (citation omitted); see also 20 C.F.R. § 416.927(d)(2). The treating physician's opinion on the ultimate issue of disability, however, is "not necessarily conclusive." Matney v. Sullivan, 981 F.2d 1016, 1019 (9th Cir.1992). The ALJ may disregard the treating physician's opinion if the ALJ sets forth "specific, legitimate reasons ... based on substantial evidence." Rodriguez, 876 F.2d at 762. The ALJ can meet this burden of substantial evidence by "providing a detailed summary of the facts and conflicting clinical evidence along with a reasoned interpretation thereof." Id.
 
 
 5
 a. Dr. Connolly
 
 
 6
 The ALJ set forth specific reasons for disregarding certain conclusions of Dr. Connolly, Hamilton's treating neurologist. The ALJ noted that Dr. Connolly's diagnosis of a "somatoform disorder" conflicted with the findings of Dr. Dubey, who examined Hamilton for the purpose of the disability benefits claim. The ALJ cited Dr. Dubey's conclusion that Hamilton had no industrially-related psychiatric conditions, and he noted Dr. Dubey's findings that Hamilton never saw a counselor and had no psychiatric history. Because the ALJ's reasons for disregarding Dr. Connolly's diagnosis were supported by substantial evidence, we will not disturb his decision. See Rodriguez, 876 F.2d at 762.
 
 
 7
 Moreover, Dr. Connolly's diagnosis that Hamilton has a somatoform disorder does not by itself indicate disability. As this Court noted in Matthews v. Shalala: "The mere existence of an impairment is insufficient proof of disability. A claimant bears the burden of proving that an impairment is disabling." 10 F.3d 678, 680 (9th Cir.1993) (citations and quotation marks omitted). Dr. Connelly's report, however, indicates that while Hamilton's work activities would certainly be limited, his injuries do not preclude all work situations.
 
 
 8
 b. Dr. Hansen
 
 
 9
 Hamilton additionally asserts that the ALJ improperly dismissed the opinions of chiropractor Kirk Hansen. However, this Court has held that a chiropractor is "not considered an acceptable medical source. Although a claimant is free to offer chiropractic evidence to help the Secretary understand his inability to work, there is no requirement that the Secretary accept or specifically refute such evidence." Bunnell v. Sullivan, 912 F.2d 1149, 1152 (9th Cir.1990), rev'd on other grounds, 947 F.2d 341 (9th Cir.1991) (en banc ); see also 20 C.F.R. § 404.1513(a) and (e) (distinguishing between "acceptable medical sources" and "other sources," and listing chiropractors under "other sources").
 
 Pain Testimony
 
 10
 Because pain testimony is inherently subjective, an ALJ faces a difficult task in determining if a claimant's pain precludes him from employment activities. More than other areas of disability claims, the ALJ's assessment of the claimant's credibility regarding his pain testimony is exceptionally important. Fair v. Bowen, 885 F.2d 597, 602 (9th Cir.1989). And, as this Circuit has consistently held: "Credibility determinations are the province of the ALJ. Where ... the ALJ has made specific findings justifying a decision to disbelieve an allegation of excess pain, and those findings are supported by substantial evidence in the record, our role is not to second-guess that decision." Id. at 604.
 
 
 11
 In order to reject pain testimony, the ALJ must make findings "sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony." Orteza v. Shalala, 50 F.3d 748, 750 (9th Cir.1995). There are numerous factors that the ALJ may consider when determining credibility, including, among other things, a claimant's daily activities, inconsistencies in testimony, failure to seek treatment and relevant character evidence. See id.; Bunnell, 947 F.2d at 346; Fair, 885 F.2d at 603.
 
 
 12
 In the instant case, the ALJ offered specific reasons for rejecting Hamilton's pain testimony. First, he noted Hamilton's testimony that he vacuums, cooks and does light housecleaning. Cf. Orteza, 50 F.3d at 750 (holding that ALJ made adequate findings to support determination that claimant's complaints of pain were exaggerated because, among other things, claimant indicated he performed various household chores, including cooking, dishwashing, shopping, visiting relatives, and driving); Fair, 885 F.2d at 603 (holding that where "a claimant is able to perform household chores and other activities that involve many of the same physical tasks as a particular type of job, it [is] not farfetched for an ALJ to conclude that the claimant's pain does not prevent the claimant from working"). The ALJ also noted Hamilton's testimony that he exercises by walking a half mile each day. Cf. Fair, 885 F.2d at 603 (ALJ may consider testimony about the claimant's daily activities.).
 
 
 13
 Because the ALJ made specific findings justifying his decision to disbelieve Hamilton's pain testimony, and because those findings are supported by the record, we will uphold his decision.
 
 Capacity to Perform Other Work
 
 14
 Because Hamilton did not raise this argument at the district court, he waived it, and we will not hear it for the first time on review. See Matney, 981 F.2d at 1019; Abex Corp. v. Ski's Enterprises, Inc., 748 F.2d 513 (9th Cir.1984).
 
 
 15
 For the above reasons, the judgment of the district court is AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 Honorable Ruggero J. Aldisert, Senior Judge, United States Court of Appeals for the Third Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3