113 F.3d 1241
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Gratch MIRZAKHANIAN, Plaintiff-Appellant,
v.
Shirley S. CHATER, Commissioner of the Social Security
Administration, Defendant-Appellee.
 No. 96-55267.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 5, 1997.*
Decided May 8, 1997.
 
 Before: FRANK J. MAGILL**, PAMELA ANN RYMER and SIDNEY R. THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 The parties are familiar with the facts of this case, and we will not restate them here. We review a district court's order upholding the Commissioner's denial of benefits de novo. Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir.1996). We will affirm the Commissioner's decision if substantial evidence supports that decision and the Commissioner applied the correct legal standards. Id. After thorough consideration of the record and the briefs, we affirm.
 
 Reports of Treating Physicians
 
 3
 An administrative law judge must give the medical opinion of a claimant's treating physician "special weight," Rodriguez v. Bowen, 876 F.2d 759, 761 (9th Cir.1989), because a treating physician "is employed to cure and has greater opportunity to know and observe the patient as an individual." Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir.1995) (citation omitted); see also 20 C.F.R. § 416.927(d)(2). The treating physician's opinion on the ultimate issue of disability, however, is "not necessarily conclusive." Matney v. Sullivan, 981 F.2d 1016, 1019 (9th Cir.1992). The ALJ may disregard the treating physician's opinion if the ALJ sets forth "specific, legitimate reasons ... based on substantial evidence." Rodriguez, 876 F.2d at 762. The ALJ can meet this burden of substantial evidence by "providing a detailed summary of the facts and conflicting clinical evidence along with a reasoned interpretation thereof." Id. Finally, the ALJ need not accept an opinion of a treating physician if it is "conclusory and brief and unsupported by clinical findings." Matney, 981 F.2d at 1019.
 
 
 4
 Substantial evidence supports the ALJ's decision to discredit the reports of Dr. Charchian and Dr. Mkhsyan. The ALJ correctly noted that their conclusions were "not ... supported by their own physical examinations of the claimant or the other medical evidence." Dr. Charchian's diagnosis was conclusory. He suggested that Mirzakhanian was "totally disabled," but he did not provide any analysis as to how Mirzakhanian's medical conditions limited his ability to work. The ALJ need not accept such conclusory findings, particularly when the findings are contradicted by the reports and testimony of other medical experts. See Matney, 981 F.2d at 1019.
 
 
 5
 Substantial evidence also supports the ALJ's decision to discredit the opinion of Dr. Mkhsyan. The ALJ first provided a detailed summary of the testimony of Drs. Greenleaf, Magid, and Wahlroos. Dr. Greenleaf concluded that there was "no psychiatric basis for disability." Dr. Magid noted that while Mirzakhanian's mood was depressed, he could nonetheless understand, remember, and carry out simple instructions, respond appropriately to coworkers and supervisors, and respond appropriately to usual work settings. Dr. Wahlroos testified that Mirzakhanian suffered only from mild depression.
 
 
 6
 Dr. Mhksyan's report came to a different conclusion, suggesting that Mirzakhanian "is not capable of starting and maintaining a job." However, in addition to he finding that Dr. Mhksyan's report was "not ... supported by [his] own physical examinations of the claimant or the other medical evidence," the ALJ noted that "Dr. Mkhsyan has not confirmed any of his diagnoses by reporting objective positive clinical signs." The ALJ did not err in this finding. Dr. Mhksyan's report concludes that Mirzakhanian is unable to work, but he fails to offer a definitive basis for arriving at that conclusion. The ALJ did not err in his decision to reject Dr. Mkhsyan's conclusory findings and instead rely on the reports and testimony of other medical experts. See Matney, 981 F.2d at 1019.
 
 Obesity
 
 7
 The regulations provide that a man of Mirzakhanian's height (5'6"') is presumptively disabled if he weighs 284 pounds and suffers from one of several other conditions. 20 C.F.R. § 404 app. 1 § 9.09 tbl. I-Men; see also Roberts v. Shalala, 66 F.3d 179, 182 (9th Cir.1995), cert. denied, 116 S.Ct. 1356 (1996). At 222 pounds, Mirzakhanian falls far short of that weight requirement. Moreover, Mirzakhanian offers no medical evidence to support the theory that his weight contributed to his impairments. Therefore, the ALJ did not improperly fail to consider it as a work-related limitation.
 
 Ability to Perform Light Work
 
 8
 Mirzakhanian claims that the ALJ erred by determining that he can perform light work. Mirzakhanian argues that the ALJ erred in this finding because Dr. Klashman found he could only stand and/or walk for two hours in an eight-hour day. We agree with the ALJ that Dr. Klashman's conclusory findings of muscle spasm, tenderness of the low back, and a mildly antalgic gait do not support the doctor's diagnosis--particularly given the contradictory medical testimony that Mirzakhanian could perform light work.
 
 Testimony of the Vocational Expert
 
 9
 The ALJ may reject a hypothetical question that contains more restrictions than those properly found by the ALJ. Martinez v. Heckler, 807 F.2d 771, 774 (9th Cir.1986). Because Petitioner's hypothetical question to the vocational expert was overly restrictive, the ALJ did not err by refusing to rely on the expert's response to that question.
 
 Pain Testimony
 
 10
 In order to reject pain testimony, the ALJ must make findings "sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony." Orteza v. Shalala, 50 F.3d 748, 750 (9th Cir.1995). An ALJ may consider numerous factors, including the medical evidence, the claimant's credibility, the claimant's failure to seek treatment, and the claimant's daily activities. Smolen, 80 F.3d at 1284.
 
 
 11
 Here, the ALJ supported his rejection of Petitioner's pain testimony not only because the medical evidence fails to support Petitioner's claims, but also because of Petitioner's questionable credibility. The ALJ noted Dr. Knapp's report that Petitioner offered "suboptimal effort" during his examination. The ALJ also noted discrepancies in Mirzakhanian's testimony and in his reports to doctors. The ALJ's findings were sufficiently specific to permit the panel to conclude that he did not arbitrarily discredit the claimant's testimony.
 
 Conclusion
 
 12
 For the above reasons, the judgment of the district court is AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 Honorable Frank J. Magill, Senior Judge, United States Court of Appeals for the Eighth Circuit, sitting by designation
 
 
 **
 * This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3