113 F.3d 1241
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Willie M. MARTIN, Plaintiff-Appellant,
v.
Shirley S. CHATER, Commissioner, Social Security
Administration, Defendant-Appellee.
 No. 96-55089.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 9, 1997.*
Decided May 14, 1997.
 
 1
 Appeal from the United States District Court for the Central District of California, No. CV-95-02128-RAP; Richard A. Paez, District Judge, Presiding.
 
 
 2
 C.D.Cal.
 
 
 3
 AFFIRMED IN PART, REVERSED IN PART.
 
 
 4
 Before: PAMELA ANN RYMER and SIDNEY R. THOMAS, Circuit Judges, and OWEN M. PANNER**, Senior District Judge.
 
 
 5
 MEMORANDUM***
 
 
 6
 The parties are familiar with the facts of this case, and we will not restate them here. We review a district court's order upholding the Secretary's denial of benefits de novo. Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir.1996). We will affirm the Secretary's decision if substantial evidence supports that decision and the Secretary applied the correct legal standards. Id. After thorough consideration of the record and the briefs, we reverse the decision of the district court and remand the case for further proceedings consistent with this opinion.
 
 Rejection of Dr. Wade's Report
 
 7
 An administrative law judge must give the medical opinion of a claimant's treating physician "special weight," Rodriguez v. Bowen, 876 F.2d 759, 761 (9th Cir.1989), because a treating physician "is employed to cure and has a greater opportunity to know and observe the patient as an individual." Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir.1995) (citation omitted). The ALJ may disregard the treating physician's opinion only if the ALJ sets forth "specific, legitimate reasons ... based on substantial evidence." Rodriguez, 876 F.2d at 762. Similarly, the opinion of an examining physician "can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." Lester v. Chater, 81 F.3d 821, 830 (9th Cir.1995) (citing Andrews, 53 F.3d at 1043).
 
 
 8
 Martin argues that the ALJ erred by failing to state specific reasons for rejecting the opinion of her podiatrist, Dr. John Wade, whom Martin contends was a treating physician. The record is not clear whether Dr. Wade was a "treating" or "examining" physician. Dr. Wade submitted a report on a form which stated he was the "treating/examining" medical care provider and that his assessment "pertains to period of time from 1990 to 1992."
 
 
 9
 The ALJ not only did not make a finding as to whether Dr. Wade was a treating physician, but made no mention of Dr. Wade's opinion at all in the decision. Because of this, we must reverse and remand for the ALJ to determine Dr. Wade's status and to make appropriate findings concerning his opinion.
 
 Credibility/Pain Determination
 
 10
 In order to reject pain testimony, the ALJ must make findings "sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony." Orteza v. Shalala, 50 F.3d 748, 750 (9th Cir.1995). Although credibility findings are "the province of the ALJ," those findings must be supported by substantial evidence. Fair, 885 F.2d at 604.
 
 
 11
 In the instant case, the ALJ determined that Martin's pain testimony was exaggerated. In support of this conclusion, the ALJ suggested: (1) that Martin has pain only when "she engages in work greater than light work"; (2) that her complaints of pain to her treating source have been "infrequent, in fact only twice in 8 visits"; (3) that "by her own testimony, claimant's daily activities are self-limited"; (4) that Martin is non-compliant with medical recommendations regarding weight loss, low calorie diet, exercise and management of her diabetes; and (5) that she has not "sought or requested treatment to get relief other than pills." Martin contends that the ALJ failed to properly assess her pain testimony. We agree.
 
 
 12
 The ALJ first suggests that Martin only experiences pain when she engages in "work greater than light work." The record does not support this finding. Indeed, the ALJ elicited very little testimony from Martin concerning pain. During questioning from her attorney, Martin indicated that she experiences pain when she stands for more than 15 minutes or sits for more than 15-30 minutes. Martin also indicated that she lies down for 5-6 hours per day because of the pain. This does not support the ALJ's finding that she only experiences pain when she engages in activities requiring more exertion than light work.
 
 
 13
 Second, the ALJ suggested that Martin had only complained about pain during two of eight visits to her treating physician. The medical reports reveal at least eight separate visits to a physician during which Martin complained of pain.
 
 
 14
 Third, the ALJ suggested that "by her own testimony," Martin's daily activities were self-limited. Martin certainly testified that she chooses not to engage in many daily household activities and that she does not engage in social activities outside her home. However, Martin testified that she is restricted by her pain. Her testimony that her cousin does most of her daily chores--including shopping, cleaning, and assisting Martin with bathing--certainly supports her credibility.
 
 
 15
 The ALJ also found that Martin is non-compliant with medical recommendations regarding weight loss, low calorie diet, exercise and management of her diabetes. First, there is no evidence to indicate that Martin fails to follow any prescribed treatment regarding a low calorie diet or management of her diabetes--the ALJ did not ask her about either her diet or treatment of her diabetes, and no medical report suggests that she is somehow non-compliant. Her weight has certainly increased since 1992 (from 201 to 229), but there is no evidence that this stems from an improper diet. With respect to exercise and weight loss, Martin testified that she attempts to follow her doctor's orders to exercise and that she does in fact exercise for approximately 15 minutes per day. Martin suggested, however, that her compliance is limited by her pain. This testimony indicates that Martin attempts to comply but is simply constrained by her pain--it does not support the ALJ's conclusion that she is "non-compliant."
 
 
 16
 Finally, the ALJ suggested that Martin lacks credibility because she has not "sought or requested treatment to get relief other than pills." During the hearing the ALJ asked Martin if she had attempted to relieve her pain by seeing a hypnotherapist, a herbalist, or a chiropractor. Martin responded that she had not. The answer to the posed question was inconclusive at best. Martin suggested that she could not afford to see other physicians. Even if hypnosis or herbs would have solved Martin's problems, this Circuit has held that an ALJ may not deny benefits merely because a claimant cannot afford the required treatment. Gamble v. Chater, 68 F.3d 319, 320 (9th Cir.1995). While some evidence in the record does seem to point to questionable credibility, the ALJ nonetheless erred by listing only a few conclusory reasons that lack support in the record. Thus, we remand so the the ALJ may make the specific findings necessary for this court to conclude that the ALJ did not arbitrarily discredit Martin's testimony.
 
 
 17
 Equivalence with the Listing of Impairments
 
 
 18
 Martin contends that the ALJ did not properly determine whether her combination of impairments equalled an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1. Specifically, Martin asserts that the ALJ erred by failing to consider the combined effects of her obesity, her history of pain and limitation of motion in her knees and back, and her hypertension. We conclude that substantial evidence supported the ALJ's decision.
 
 Past Relevant Work
 
 19
 The ALJ determined that Martin could "perform her past relevant work as an in-home chore worker which is light work according to section 301.474-010 of the Dictionary of Occupational Titles." Martin argues for the first time on appeal that the ALJ erred in this determination for two reasons: (1) Martin never worked as an "in-home chore worker" but rather as a "home attendant" or "home health aide," see DICOT 354.377-014; and (2) even if Martin had worked as an "in-home chore worker," DICOT 301.474-010 defines such work as "medium work," with physical demand requirements that "are in excess of those for Light Work." The Secretary suggests that Martin waived this issue by failing to raise it both in her appeal to the Appeals Council and in her appeal to the district court.
 
 
 20
 Although Martin may be correct that the ALJ erred in determining her residual functional capacity, we generally will "not consider issues not presented before an administrative proceeding at the appropriate time." Marathon Oil v. United States, 807 F.2d 759, 767 (9th Cir.1986). cert. denied, 480 U.S. 940 (1987). Because Martin failed to raise this question properly, we decline to entertain it on this appeal.
 
 Conclusion
 
 21
 For the above reasons, we reverse the decision of the district court. We remand this case with instructions that the district court remand to the Secretary for further proceedings consistent with this opinion. On remand, the ALJ should: (1) determine whether Podiatrist John Wade is a treating or examining physician; (2) properly assess Dr. Wade's report; and (3) properly assess Martin's pain testimony. Each party shall bear their own costs.
 
 
 22
 AFFIRMED in part, REVERSED in part, and REMANDED with instructions.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 Honorable Owen M. Panner, Senior U.S. District Judge for the District of Oregon, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3