Rebecca BROWNING, Plaintiff—Appellant,

v.

Jo Anne B. BARNHART, Commissioner of the Social Security Administration, Defendant—Appellee.

No. 02–35786.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 4, 2003.

Decided Dec. 11, 2002.

Alan Stuart Graf, Esq., Law Office of Alan Stuart Graf, Portland, OR, for Plaintiff–Appellant.

Craig J. Casey, Esq., USPO—Office of the U.S. Attorney, Mark O. Hatfield, U.S. Courthouse, Portland, OR, Victoria Blais Chhagan, Esq., David R. Johnson, Esq., SSA—Social Security Administration, Office of the General Counsel, Seattle, WA, for Defendant–Appellee.

Before ALARCON, FERGUSON, and RAWLINSON, Circuit Judges.

MEMORANDUM *

Rebecca Browning ("Browning") appeals the District Court's order affirming the Commissioner's decision to deny her disability insurance benefits. On appeal, Browning contends that the decision of the Administrative Law Judge ("ALJ") was

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

based on legal error and not supported by substantial evidence. We reverse and remand for further proceedings to determine whether Browning has the residual functioning capacity to perform other work available in the national economy.

We do not repeat the factual and procedural history of the case except as necessary because they are known to the parties. Browning applied for disability benefits on December 2, 1998, for health problems relating primarily to fibromyalgia.

■ We find that the ALJ erred in two respects. First, the ALJ improperly rejected treating physician James Smith's opinion that Browning could not work because of her disability. The uncontroverted opinion of a treating physician may be rejected only for clear and convincing reasons. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir.1995). Here, Dr. Smith expressed an opinion on at least three occasions that Browning's pain and fatigue prevented her from working. No physician of record contradicted Dr. Smith's assessment. The ALJ did not discuss Dr. Smith's opinion of Browning's disability at any point, let alone provide clear and convincing reasons for rejecting it.

While a physician's opinion is not "necessarily conclusive as to either a physical condition or the ultimate issue of disability," *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir.1989), the ALJ must nevertheless furnish clear and convincing reasons for rejecting that opinion. In evaluating a treating physician's opinion, this Court does not distinguish "between a medical opinion as to a physical condition and a medical opinion on the ultimate issue of disability." *Rodriguez v. Bowen*, 876 F.2d 759, 762 n. 7 (9th Cir.1989). Therefore, the fact that Dr. Smith's opinion concerned Browning's ability to work, rather than the nature of her physical limitations, does not

relieve the ALJ of the burden of offering clear and convincing reasons for rejecting it.

■ Second, the ALJ failed to provide clear and convincing reasons for rejecting Browning's complaints of pain and fatigue. Once a disability claimant has produced objective medical evidence of an impairment and shown that the impairment could reasonably be expected to produce some degree of pain or fatigue, and there is no evidence of malingering, the ALJ bears the burden of presenting clear and convincing reasons for rejecting the claimant's testimony on the severity of her subjective symptoms. *Smolen v. Chater*, 80 F.3d 1273, 1281–82 (9th Cir.1996). Here, that burden applies because Browning presented objective evidence that she suffers from fibromyalgia, a condition that can produce pain and fatigue, and there is no evidence that she was malingering.

None of the reasons offered by the ALJ is clear and convincing. First, Browning's regular activities and lifestyle do not conflict with her claims of total disability because she testified that pain and fatigue severely limited those daily activities that she could do, and because home activities are often not transferrable to a work environment. *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir.1989). Second, the medical history, findings, and degree of treatment do not discredit Browning's complaints of pain because they reflect the nature of fibromyalgia, a disease whose symptoms are difficult to substantiate through objective findings, and support her claims of persistent pain. Third, her appearance and demeanor at the hearing do not support the ALJ's determination that Browning's claims were not credible. "The fact that a claimant does not exhibit physical manifestations of prolonged pain at the hearing provides little, if any, support for the ALJ's ultimate conclusion that the

claimant is not disabled or that his allegations of constant pain are not credible." *Gallant v. Heckler*, 753 F.2d 1450, 1455 (9th Cir.1984).

The ALJ did not err, however, in finding that Browning did not have a severe mental impairment because substantial evidence supports that conclusion.

We reverse because the ALJ rejected the opinion of Browning's treating physician and discredited her complaints of pain and fatigue without supplying clear and convincing reasons. Where the ALJ fails to provide adequate reasons for rejecting a treating physician's opinion or the claimant's testimony on her limitations, we credit the opinion and testimony as a matter of law. *Lester*, 81 F.3d at 834. However, where there are outstanding issues to be resolved before a determination of disability can be made, we remand for further proceedings rather than for an award of benefits. *Smolen*, 80 F.3d at 1292.

If Dr. Smith's opinion and Browning's testimony are credited, it establishes that Browning is precluded from returning to her past employment because the vocational expert testified that a claimant's need for rest breaks during the day, or an absence from work two days of each month, would rule out Browning's past employment. The vocational expert did not testify, however, on how such limitations would affect employment at other jobs—step five of the Commissioner's sequential disability determination.[1] Therefore, we remand for further administrative proceedings to determine, in light of the newly credited evidence, whether Browning can perform other jobs available in the national economy.

REVERSED AND REMANDED.

---

1. Although Dr. Smith opined that Browning was disabled "for all jobs," that opinion does not conclusively establish that she is entitled to benefits because it is a medical rather than a legal conclusion, and must be supplemented by testimony from a vocational expert on the impact of the identified limitations. *Harman v. Apfel*, 211 F.3d 1172, 1180 (9th Cir.2000).

