MEMORANDUM **
Alan Greer appeals the district court’s judgment affirming the Commissioner of Social Security’s final decision to deny his application for Disability Insurance Benefits and Supplemental Security Income under Titles II and XVI of the Social Security Act. Because the parties are familiar with the facts and procedural history of this case, we will discuss them only as necessary to explain our decision. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we vacate the decision of the district court and remand.
The Social Security regulations provide a five-step inquiry to determine whether a claimant is entitled to benefits. 20 C.F.R. § § 404.1520(a)(4), 416.920(a)(4). The Administrative Law Judge (“ALJ”) determined at step five that, while Greer could not perform his previous relevant work, he had the residual functional capacity (“RFC”) to perform other jobs existing in significant numbers in the national economy. All of Greer’s arguments stem from the ALJ’s step-five analysis.
First, Greer contends that the ALJ did not support her RFC finding with substantial evidence. An RFC finding must be premised on the proper legal standard and supported by substantial evidence. Bayliss v. Barnhart, 427 F.3d 1211, 1217 (9th Cir.2005). The ALJ’s RFC in this case failed to reflect some of the medical opinions that the ALJ himself earlier credited, and the decision did not adequately explain this discrepancy. For example, despite crediting Dr. Novie’s psychological evaluation, the ALJ did not adequately justify her reasons for rejecting Dr. No-vie’s conclusion that Greer had serious memory deficiencies, and could be severely limited in his ability to remember work instructions. See Lester v. Chater, 81 F.3d 821, 831 (9th Cir.1995) (“[T]he opinion of an examining doctor, even if contradicted by another doctor, can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record.”). In addition, Greer’s RFC indicated that he could “lift and carry ten pounds frequently and twenty pounds occasionally .... ” But the ALJ had earlier adopted the opinion of Dr. Broky, who specified that while Greer’s left arm could *515 carry greater weights, bis right arm could only lift less than five pounds. The ALJ’s opinion did not distinguish between Greer’s lifting capacity with his right and left arms, which may be relevant in a variety of jobs. On remand, the ALJ will have the opportunity to more fully address this medical evidence.
Next, Greer claims that the ALJ failed to properly consider the opinion of his treating physician. Both the credibility and the weight of medical testimony is determined by the ALJ. Magallanes v. Bowen, 881 F.2d 747, 750 (9th Cir.1989). “We afford greater weight to a treating physician’s opinion because ‘he is employed to cure and has a greater opportunity to know and observe the patient as an individual.’ ” Id. at 751 (quoting Sprague v. Bowen, 812 F.2d 1226, 1230 (9th Cir.1987)). “To reject the uncontroverted opinion of a claimant’s physician, the ALJ must present clear and convincing reasons for doing so.” Id. However, the ALJ can meet this burden by making findings “setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record.” Id. Additionally, while more weight is generally given to the treating physician’s opinion, the ALJ makes the ultimate decision with regard to disability, even if the treating physician has an opinion regarding the finding. See id.
Here, where relevant, the ALJ discussed treating physicians’ statements. Greer argues that the ALJ must find in accordance with the treating physician’s determination that he was “disabled.” However, our case law states just the opposite. Because the disability determination is left to the Commissioner, we hold that the record properly supported the ALJ’s decision with substantial evidence. See Rodriguez v. Bowen, 876 F.2d 759, 761-62 & n. 7 (9th Cir.1989).
Third, Greer argues that the ALJ did not properly assess his subjective complaints. The correct analysis is a two-pronged inquiry, first determining “whether the claimant has presented objective medical evidence of an underlying impairment ‘which could reasonably be expected to produce the pain or other symptoms alleged.’ ” Lingenfelter v. Astrue, 504 F.3d 1028, 1035-36 (9th Cir.2007) (quoting Bunnell v. Sullivan, 947 F.2d 341, 344 (9th Cir.1991) (en banc)). “Second, if the claimant meets this first test, and there is no evidence of malingering, ‘the ALJ can reject the claimant’s testimony about the severity of [his] symptoms only by offering specific, clear and convincing reasons for doing so.’ ” Lingenfelter, 504 F.3d at 1036 (quoting Smolen v. Chater, 80 F.3d 1273, 1281 (9th Cir.1996)). In the instant case, the ALJ found that Greer’s testimony was partially credible. However, in doing so, she failed to distinguish between that evidence which supported her finding of incredibility and the evidence providing a basis for her ultimate denial of benefits. Moreover, some of the evidence cited by the ALJ does not lead to an inference of untruthfulness. For example, the ALJ’s decision stated that Greer’s complaints of disabling pain were not supported by the record. However, the record does not reflect that Greer ever made such complaints. On the contrary, Greer consistently explained that his pain had lessened since surgery, but that his range of motion was extremely limited. Therefore the record’s failure to reflect disabling pain cannot serve to support an adverse credibility finding. Because the ALJ did not provide “specific, clear and convincing reasons” for discrediting Greer’s subjective complaints, we find that she erred in her credibility determination.
Finally, Greer claims that the ALJ erred by not asking the vocational expert (“VE”) whether his testimony was consistent with the Dictionary of Occupational *516 Titles (“DOT”). Under the Commissioner’s own Social Security Rulings, the ALJ was required to specifically inquire into any conflicts between the VE’s testimony and the DOT classifications, and to obtain a “reasonable explanation” for any conflicts. Massachi v. Astrue, 486 F.3d 1149, 1152-53 (9th Cir.2007). Where the ALJ fails to take these steps, we cannot determine whether substantial evidence supports the ALJ’s step-five findings. Id. at 1153-54. Although the ALJ asked about one potential conflict between the VE’s testimony and the DOT, the ALJ failed to ask about other conflicts and the transcript, riddled with “inaudible” passages, is unclear whether these conflicts were resolved by the VE.
Accordingly, we VACATE the decision of the district court and REMAND with instructions to remand to the ALJ for (1) a proper evaluation of conflicting medical evidence, (2) a proper analysis of Greer’s credibility, and (3) the resolution of any conflicts between the vocational expert’s testimony and the Definition of Occupational Titles. Costs on appeal are granted to the Appellant. VACATED and REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Circuit Rule 36-3.