NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAY 20 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BELINDA A. GOULART, | No. 13-35754 |
| Plaintiff - Appellant, | D.C. No. 3:12-cv-00427-RE |
| v. | |
| CAROLYN W. COLVIN, Commissioner of Social Security, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Oregon
James A. Redden, Senior District Judge, Presiding

Argued and Submitted May 8, 2015
Portland, Oregon

Before: W. FLETCHER and HURWITZ, Circuit Judges and BAYLSON,[**] Senior District Judge.

Belinda Goulart appeals a district court order affirming the Commissioner's

denial of her application for social security disability insurance benefits under Title

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Michael M. Baylson, Senior District Judge for the U.S. District Court for the Eastern District of Pennsylvania, sitting by designation.

II of the Social Security Act, 42 U.S.C. §§ 401–434.  We have jurisdiction under 28 U.S.C. § 1291, and affirm in part, vacate in part, and remand in part.

1.  "The medical opinion of a claimant's treating physician is entitled to special weight" because "he is employed to cure and has a greater opportunity to know and observe the patient as an individual."  *Rodriguez v. Bowen*, 876 F.2d 759, 761 (9th Cir. 1989) (internal quotation marks omitted).  A treating physician's report must receive controlling weight if it is well-supported and consistent with the record; otherwise, the Administrative Law Judge ("ALJ") determines the weight it deserves based on specified factors.  *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007); *see Lingenfelter v. Astrue*, 504 F.3d 1028, 1038 n.10 (9th Cir. 2007) (noting that a treating physician's report may be accorded "greatest weight" even when not controlling).  When a treating physician's report is not contradicted by that of another physician, it can only be rejected for "'clear and convincing reasons that are supported by substantial evidence.'"  *Ghanim v. Colvin*, 763 F.3d 1154, 1160–61 (9th Cir. 2014) (quoting *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005)); *Orn*, 495 F.3d at 632.  The treating physicians' reports in this case are uncontradicted.

2.  The ALJ gave the opinions of the treating physicians, Dr. Jon Benson and Dr. E. Daniel Crawford, "little weight," claiming that their treatment notes and the record as a whole did not support their assessments of Goulart's limitations.  As to

2

Dr. Benson, a psychologist who had treated Goulart for less than a year, the ALJ's reasons for rejecting his opinion were convincing and supported by the record. Dr. Benson opined that Goulart was unable to make complex decisions or work with others. But, as the ALJ noted, Dr. Benson's treatment notes do not document an inability to function in a work environment. Moreover, Goulart's daily activities, which included shopping and socializing, undercut Dr. Benson's assessments of her mental abilities.

However, the ALJ's reasons for rejecting the opinion of Dr. Crawford, a physician who had treated Goulart since 2004, do not suffice. Dr. Crawford opined that Goulart had very limited mobility and that she had been too physically disabled to work for several years. Although there is some conflict between the latter conclusion and Goulart's employment history prior to the disability period at issue in this case, the record supports Dr. Crawford's conclusion of limited physical mobility during the relevant period. And, although the ALJ found a few inconsistencies in Dr. Crawford's treatment notes, the physician's records document his conclusions. We thus remand the case for the ALJ to reconsider Dr. Crawford's opinion. *See Orn*, 495 F.3d at 631–33 (discussing factors to be considered when weighing a treating physician's opinion).

**3.** The ALJ treated evidence from Goulart's husband and step-mother "with caution" because "these parties have a personal relationship with the claimant and

lack the expertise and possibly the motivation to offer an objective or functional assessment." These are valid reasons for discounting lay evidence. *See Greger v. Barnhart*, 464 F.3d 968, 972 (9th Cir. 2006) (allowing the relationship of the lay witness to the claimant to be taken into consideration). However, Goulart submitted an additional statement from her husband to the Appeals Council. Because that detailed statement is now part of the administrative record, *see Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1161–62 (9th Cir. 2012), the ALJ should consider it on remand.

4. Each party shall bear its own costs.

**AFFIRMED IN PART, VACATED IN PART, AND REMANDED.**