**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

OCT 24 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RANDI JO MCKNIGHT, | No. 16-15731 |
| Plaintiff-Appellant, | D.C. No. 2:15-cv-00440-JZB |
| v. | |
| NANCY A. BERRYHILL, Acting Commissioner Social Security, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Arizona
John Zachary Boyle, Magistrate Judge, Presiding

Submitted October 20, 2017[**]
San Francisco, California

Before: W. FLETCHER and TALLMAN, Circuit Judges, and HOYT,[***] District Judge.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Kenneth M. Hoyt, United States District Judge for the Southern District of Texas, sitting by designation.

Plaintiff Randi Jo McKnight ("McKnight") appeals the district court's decision to remand the cause for further administrative proceedings to determine disability benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401–34. We have jurisdiction under 28 U.S.C. § 1291, and we reverse and remand for award of benefits.

The district court abused its discretion in remanding this case for further administrative proceedings. *Harman v. Apfel*, 211 F.3d 1172, 1175–78 (9th Cir. 2001). "A district court would necessarily abuse its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405 (1990). The district court in this case erroneously found discrepancies in the record where none existed.

Claimants are entitled to remand with an award of benefits where "(1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited." *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996); 42 U.S.C. § 405(g).

McKnight is entitled to an award of benefits. First, the district court properly determined the ALJ failed to provide legally sufficient reasons for

2

rejecting both the medical source evidence and McKnight's symptom testimony.

Second, there are no outstanding issues that must be resolved before a determination of disability can be made. The treating physicians all clearly indicate that McKnight is disabled. Dr. Lawrence Kelly made findings, including that the "pain seriously affects [McKnight's] ability to function" and that McKnight constantly experiences deficiencies of concentration resulting in failure to complete tasks in a timely manner. Similarly, Dr. Mark Webb found McKnight "cannot sit or stand for more than 30 minutes at a time. . . . The condition is permanent." Dr. Arthur Schurgin, D.O., P.C. also found "she can sit in [sic.] more than a couple minutes." These medical assessments align with McKnight's own testimony about her disability. There are no evidentiary conflicts in light of the abundant medical evidence supporting McKnight's disability.

Finally, it is clear from the record that McKnight would be entitled to benefits if the ALJ credited the evidence. In addition to the medical evidence, the Vocational Expert determined that if this evidence were credited McKnight could not work. This serves as strong evidence that an award of benefits is the proper decision. This is one of those cases where we think the record is clear that "no useful purpose would be served by further administrative proceedings." *Rodriguez v. Bowen*, 876 F.2d 759, 763 (9th Cir. 1989). The district court's remand would "only delay the receipt of benefits." *Id.*

3

Costs are awarded to the appellant.

**REVERSED AND REMANDED FOR AN AWARD OF BENEFITS.**